## AMOS M. CAPEN *vs*. AUGUSTUS CROWELL.

### Kennebec, 1876.—May 31, 1877.

*Interest.*

On a promissory note payable on time, stipulating for a higher rate of interest than six per cent. after due until paid, interest is recoverable according to its terms.

ON EXCEPTIONS.

ASSUMPSIT.

*E. F. Webb*, for the defendant.

*R. Foster*, for the plaintiff.

APPLETON, C. J. This is an action upon a promissory note of the following tenor :

"$557.78.                         Waterville, June 14, 1870.

Four months from date, I promise to pay to the order of A. M. Capen five hundred and fifty-seven 78-100 dollars, at Ticonic National Bank, value received, with interest at rate of two and one-half per cent. each month after due until paid.

A. Crowell."

The presiding justice instructed the jury to compute interest on this note at the rate of two and one-half per cent. each month after due, until paid ; and the jury rendered a verdict in accordance with such instruction. To this ruling the defendant excepted.

This exception is the only one taken to the rulings of the presiding justice. The correctness of this ruling has been controverted in an argument of unusual elaborateness and of great research and ability.

Interest is the compensation for the use or detention of money. The right to recover it rests on an express or an implied contract. Interest is given by way of damages ; but when so given, it rests upon different principles than when it is a matter of contract.

By the common law, and in accordance with the doctrines of the Romish Church all interest was regarded as usury and as sinful. The old Jewish and Roman Catholic notions of the sinfulness of usury have long since ceased to control or influence the

intelligence of the present day. Whether capital is in the form of money, or of real or personal estate, the compensation for its use, whether called interest, rent or hire, is determined upon the same principles. The rate of compensation, whatever may be the subject of desire, depends upon the relation between supply and demand. In accordance with the enlightened teachings of political economy, the barbarous laws in relation to interest have been either modified or abolished.

It is enacted by R. S., c. 45, § 1, that "in the absence of any agreement in writing, the legal rate of interest shall be six per cent. by the year."

The object of the statute is apparent. It was to give unrestricted liberty of contracting as to the rate of interest. No limitations whatever are imposed. The parties to a loan fix the rate of compensation as they may agree. The loan may be for a longer or a shorter term. The rate of interest may be made to vary according to the length of time for which money may be loaned. There is no prohibition upon an increased rate of compensation in case the payment is not made in accordance with the terms of the loan. The power of the parties is absolute over the subject matter, provided their agreement is reduced to writing.

Interest is as justly due for the use of money after the maturity of a loan as during its continuance, and before the contract for its repayment has been broken. Had the note been to pay two and one-half per cent. per month from the date until paid, the contract would have been in strict conformity with the statute. It is none the less so, though the rate of interest should be increased by the agreement of parties in case of non-payment. If the note had been on demand with a specified interest until paid, the payee would have been obliged to pay interest according to the contract. But the rate of interest according to the agreement of the parties must control, whether it be a rate specified to be paid from the giving of the note, or from its maturity.

It is urged that after the maturity of a note the law fixes the rate of interest, and that the parties cannot. But there is no statutory inhibition of the parties fixing the rate of interest after a note has become due, any more than before it is due. In case of

their neglect to do so, the law intervenes, otherwise, not. In *Brewster* v. *Wakefield*, 22 How. 127, Taney, C. J., says, that according to the description of the notes as set forth in the bill, "the written stipulation as to interest, is interest from the date to the day specified for the payment. There is no stipulation in relation to interest, after the notes become due, in case the debtor should fail to pay them ; and if the right to interest depended altogether upon contract, and was not given by law in a case of this kind, the appellee would be entitled to no interest whatever, after the day of payment."

"The contract being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provision in the contract." In *Pierce* v. *Proprietors of Swanpoint Cemetery*, 10 R. I. 227, in a case similar to the one at bar, and under a like statute, Durfee, J., says : "If the parties to the note or other contract for the payment of money, intend that it shall carry interest at the stipulated rate until paid, they can easily entitle themselves to have their intention carried into effect, in entire accordance with both the letter and the spirit of the statute by stipulation, and in so many words, that the note or contract shall carry interest at the reserved rate until paid." That has been done in the present case by the most clear and explicit language. The agreement is not in violation of any statute. It was voluntarily entered into, and no sufficient reason is perceived why it should not be performed. *Hubbard* v. *Callahan*, 42 Conn. 524.

Our attention has been called to the very elaborate opinion of the supreme court of Minnesota, in *Kent* v. *Brown*, 3 Minn. 347, and in *Craig* v. *Callender*, 2 Minn. 350, upon the question in issue. Those decisions proceed upon the ground, that after breach of a contract, interest is given by way of damages and not as interest. But this principle, if regarded as the true rule of law, applies only when the contract is silent as to the rate of interest after its breach. In *Cook* v. *Fowler*, L. R., 7 H. L. 27, the question was raised, what rate of interest was to be allowed for money after the day when it had become payable, under a contract for its payment at a fixed time with interest at a certain rate. The

rate of interest fixed by the contract was five per cent. a month, which the plaintiff claimed, but which was denied. Lord Selborne, upon this subject, uses the following language: "Unless it can be laid down as a general rule of law, that upon a contract for the payment of money borrowed for a fixed period, on a day certain, with interest at a certain rate down to that day, a further contract for the continuance of the same rate of interest after that day until actual payment, is to be implied, the decision of the vice chancellor in this case is not erroneous. I entirely agree with those of your lordships who have preceded me, that no such contract is to be implied, unless there is something to justify it, upon the construction of the words of the particular instrument; and that, although in cases of that sort, interest ought to be given for the delay of payment *post diem,* it is on the principle not of implied contract, but of damages for a breach of contract." Here "the words of the particular instrument" leave no room for doubt as to the intention of the parties. We can perceive no sufficient reason for nullifying the deliberate contract of the parties, when that contract is in accordance with the statute, and in violation of no rule of law.                *Exceptions overruled.*

DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.