## MILLER VS. KEMPNER.

1. INTEREST:

Where a note contains a stipulation for interest at the rate of 10 per cent. per annum until maturity, and 2 per cent. per month after maturity, the increased interest after maturity cannot be treated as a penalty.

2. ————: *On judgment.*

When judgment is recovered on a note, the contract is merged in the judgment, and it bears the statutory rate of interest.

APPEAL from *Garland* Circuit Court in Chancery.

Hon. J. W. MARTIN, Judge, on exchange of Circuits.

*Thrower, Henderson & Crauth,* for appellant.

*McCallum, contra.*

ENGLISH, CH. J.:

On the 20th of February, 1874, Phillip R. Miller executed to the firm of J. Kempner & Bro., the following note .

"$594.11. On or before the 25th day of December, 1874, I promise to pay to J. Kempner & Bro., five hundred and ninety-four dollars and eleven cents, with ten per cent. interest per annum until due, and after maturity to bear two per cent. interest per month until paid, value received.

"This the 20th day of February, 1877,

"P. R. MILLER. [SEAL]."

On the same day, Miller executed to J. Kempner & Bro., a mortgage upon real and personal property to secure the payment of the note, which was acknowledged and recorded in Garland County, where the note was executed.

Jacob Kempner, as successor of J. Kempner & Bro., filed a bill in the Garland Circuit Court to the May Term, 1877, to foreclose the mortgage, and Miller was served with process on the 5th day of the preceding March.

On the 11th of May, 1877, the cause was called, and Miller having been duly served with process, and failing to appear,

plead, answer or demur, a decree was rendered against him for the debt, etc., foreclosing the mortgage, and directing a sale of the property, etc.

On the 5th of June, Miller filed a motion to set aside the decree; on the 7th of June, the plaintiff filed a response, controverting the material matters stated in the motion. On the 14th of June, the court heard, and overruled the motion; Miller excepted, and was granted time until the following Monday, to prepare and tender a bill of exceptions, but no bill of exceptions appears to have been taken.

On the 4th of August following, the clerk of this court granted him an appeal from the decree.

The decree against appellant was for $594.11, debt, being the principal of the note secured by the mortgage, and $186 damages, as interest for the detention of the debt, with 10 per cent. interest on the debt and damages from the date of the decree until paid.

At the time the note in question was executed, the parties were at liberty to contract for any rate of interest they might agree upon. Sec. 21, art. v., Constitution 1868.

The plain and unmistakable meaning of the contract in this case, is that the maker of the note agreed to pay 10 per cent. per annum upon the debt from the date of the note until its maturity, and after that two per cent. per month until he paid the debt. There is no ground on which to quibble about the language employed in the note, and to say that the greater interest after maturity was meant for a penalty, which might be discharged by paying 6 per cent., the legal rate of interest, as damages.

It seems that the court below allowed 10 per cent. upon the debt from the date of the note to the time of rendering the decree.

This was an error in favor of appellant and against appellee, who does not complain, and appellant has no cause to complain that the court decreed against him a less amount of interest than he contracted to pay.

At the date of the decree, the note was bearing interest at 2 per cent. per month, but the contract being merged in the decree, and there being no statute having force to allow more than 10 per cent. upon a judgment, or decree, though the note bore a larger rate of interest, the court properly made the decree to bear 10 per cent. interest *Badgett* v. *Jordan, ante.*

The motion to set aside the decree, entered on default of appellant, was addressed to the sound discretion of the court, and appellant having failed to bring upon the record anything, to show that the court abused its discretion, the decree must be affirmed.