Union Estates Company, Appellant, *v.* Adlon Construction Company et al., Defendants, and Frazee Realty Company et al., Respondents.

Interest — in absence of an interdicting statute parties may agree that a rate of interest, exceeding the legal rate, shall be paid — agreement to pay interest at a certain rate before a loan is due and a greater rate thereafter is an agreement to pay interest not a penalty — agreement by a corporation to pay interest in excess of the legal rate is not usurious, and the guarantor of such contract is liable thereon.

1. In the absence of an interdicting statute, the lender and borrower may agree that a rate of interest, other than the rate fixed as the legal rate by a statute, shall be paid from the date to either the maturity or the payment of the loan.

2. An agreement to pay interest upon a loan from its date until its payment at a rate before and a different rate after its maturity is an agreement to pay interest and not a penalty as to the latter rate.

3. An agreement by a corporation to pay interest beyond the legal rate is not usurious (General Business Law [Cons. Laws, ch. 20], §§ 370, 371, 373, 374), and a guarantor of the contract is liable thereon within the obligations of his guaranty.

*Union Estates Co.* v. *Adlon Construction Co.*, 165 App. Div. 979, reversed.

(Argued April 3, 1917; decided July 11, 1917.)

Appeal from a judgment of the Apellate Division of the Supreme Court in the first judicial department, entered December 31, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis F. Levy* and *Joseph J. Corn* for appellant. If the parties contract for a lawful rate of interest after as well as before maturity the contract or stipulated rate

must govern, whether that be more or less than the legal or statutory rate. (*O'Brien* v. *Young*, 95 N. Y. 428; *Taylor* v. *Wing*, 84 N. Y. 471; *Zimmerman* v. *Klauber*, 139 App. Div. 26; *Patteson* v. *Graham*, 16 N. Y. S. R. 703; *Association, etc.*, v. *Eagleson*, 60 How. Pr. 9; *Genet* v. *Kissam*, 21 J. & S. 43; *Ferris* v. *Hard*, 135 N. Y. 354; *Kelley* v. *Phenix Nat. Bank*, 17 App. Div. 498; *Daniel* v. *Gibson*, 72 Ga. 368.) In this state the lawful rate is the stipulated rate not exceeding six per cent except when the obligor is a corporation, and even when the obligor is an individual, where the loan is of a certain nature, and in these excepted cases the lawful rate is the stipulated rate whatever its amount. (General Business Law, §§ 370, 374, 379; *Curtis* v. *Leavitt*, 15 N. Y. 85; *Rosa* v. *Butterfield*, 33 N. Y. 665; *Stewart* v. *Bramhall*, 74 N. Y. 85; *Hawley* v. *Kountze*, 6 App. Div. 217; *Wright* v. *Toomey*, 137 App. Div. 401; 204 N. Y. 661.) The parties may at the inception of the loan agree as to an increased rate of interest from maturity to actual payment provided only the increased rate be lawful, *i. e.*, not usurious. (*Paine* v. *Caswell*, 68 Me. 80; *Eaton* v. *Boissonnault*, 67 Me. 540; *Capen* v. *Crowell*, 66 Me. 282; *Hubbard* v. *Callahan*, 42 Conn. 524; *Ex.parte Ferber*, [L. R.] 17 Ch. Div. 191; *Florence* v. *Jennings*, 2 C. B. [N. S.] 454; *Burton* v. *Slatterly*, 5 Brown's P. C. 233; 2 Eng. Rep. Full Reprints, 638; *Miller* v. *Kempner*, 32 Ark. 573; *Portis* v. *Merrill*, 33 Ark. 416; *Finger* v. *McCaughey*, 114 Cal. 64; *Thompson* v. *Gorner*, 104 Cal. 168.) The supplemental agreement is not unconscionable. (*MacQuoid* v. *Queens Estates*, 143 App. Div. 134; *Portis* v. *Merrill*, 33 Ark. 416; *Parmelee* v. *Cameron*, 41 N. Y. 392; *Carley* v. *Tod*, 83 Hun, 69; *Earl* v. *Peck*, 64 N. Y. 596; *Worth* v. *Case*, 42 N. Y. 369; *Seymour* v. *Delaney*, 3 Cow. 452.) The Special Term erred in saying that as the increased interest was not charged as a consideration for a definite extension of the time of payment, it was intended merely to stimulate prompt payment and

was, therefore, a penalty. (*Hubbard* v. *Callahan*, 42 Conn. 524; *Rogers* v. *Sample*, 33 Miss. 310.)

*Outerbridge Horsey* and *Ellery O. Anderson* for respondents. The collateral agreement of July 11, 1912, in so far as it provides for the payment of additional interest at the rate of seventeen per cent, in default of payment of principal and interest at the rate of six per cent upon October 8, 1912, is a contract for a penalty and unenforceable. (*Chaud* v. *Shepard*, 122 N. Y. 397; *Caesar* v. *Rubinson*, 174 N. Y. 492.) An agreement to pay interest after maturity at an increased rate is a contract for a penalty against which equity will relieve. (*Domina Holles* v. *Wyse*, 2 Vern. 289; *Strode* v. *Parker*, 2 Vern. 316; *Nicholls* v. *Maynard*, 3 Atk. 519; *Orr* v. *Churchill*, 1 H. Bl. 227; *Thompson* v. *Hudson*, [L. R.] 4 H. L. 1; *Cook* v. *Fowler*, [L. R.] 7 H. L. 27; *Bagley* v. *Peddie*, 16 N. Y. 469.) The supplemental agreement does provide for the payment of a larger sum upon default in payment of a smaller sum. (*Sumner* v. *People*, 29 N. Y. 337.)

COLLIN, J. The ultimate question to be decided by us is, are the defendants, Frazee Realty Company, a domestic corporation, and Harry H. Frazee, liable to the plaintiff, by virtue of their written agreement with the plaintiff, for interest upon the sum secured by the bond and mortgage of the realty company at the rate of twenty-three per centum from the date of its maturity. Thus far it has been adjudged, and erroneously, that they were not. The instruments were executed as a single transaction July 11, 1912. The bond, fulfillment of which was secured by the mortgage, obligated the company to pay the plaintiff, on October 8, 1912, seventy thousand dollars with interest at the rate of six per centum per annum. By the written agreement the company "covenants and agrees that in the event that said mortgage shall not be

paid on said 8th day of October, 1912, the party of the first part (the company) will in addition to interest at the rate of six per cent. per annum provided for in said mortgage, pay additional interest at the rate of seventeen per cent. per annum upon any sums remaining unpaid upon said bond and mortgage from October 8, 1912, until the day when said mortgage and its accompanying bond shall be fully and actually paid." The defendant Harry H. Frazee thereby guaranteed to the plaintiff the full and absolute performance by the company of all the terms, covenants and conditions undertaken by it in the bond and mortgage and in the written agreement. The company wholly defaulted in such performance. The agreement further provided: "Nothing herein contained shall be construed as obligating the party of the second part, its successors or assigns, to extend the payment of said mortgage beyond said October 8, 1912, or as limiting the right to foreclose or take any other steps whatsoever in connection with said bond and mortgage upon a default in any of the terms, covenants and conditions of said bond and mortgage for $70,000." In this action to foreclose the mortgage, judgment of foreclosure and sale, awarding the plaintiff interest at the rate of six per cent per annum only, was entered April 15, 1914. Under the notice of appeal, the record and the briefs and arguments of counsel, we are to determine whether or not the company and Frazee were personally liable for the additional interest, from the maturity of the debt, at the rate of seventeen per centum.

Inasmuch as the company is a corporation, the undertaking of the written agreement was not void, as being usurious. (General Business Law [Cons. Laws, ch. 20], sections 370, 371, 373, 374.) Frazee was a guarantor of a lawful contract and, therefore, liable within the obligations of his guaranty. (*Rosa* v. *Butterfield*, 33 N. Y. 665.) In case the written agreement creates a penalty for failure to pay the debt at maturity, the judgments below are right. In case it creates the contractual obli-

gation to pay interest in the additional sum, they are erroneous.

In the absence of an interdicting statute, the lender and borrower may agree that a rate of interest, other than the rate fixed as the legal rate by a statute, shall be paid from the date to either the maturity or the payment of the loan. The mere legislative naming of a rate does not bar a stipulation for a different rate, either less or greater. The lawfulness of such a stipulation does not depend upon the existence of a sanctioning statute, but upon the absence of a prohibiting statute. An agreement to pay interest upon a loan from its making until its payment, disregarding its maturity, is precisely what it purports to be, that is, an agreement to pay interest. (*O'Brien* v. *Young*, 95 N. Y. 428.) Likewise, an agreement to pay interest upon a loan from its date until its payment at a rate before and a differing rate after its maturity is an agreement to pay interest and not a penalty as to the latter rate. In *Herbert* v. *Salisbury & Yeovil Ry. Co.* (L. R. 2 Eq. Cas. 220) the defendant railway company agreed that the purchase money of lands of the plaintiff taken by it should be paid on or before the 1st of July, 1858; that interest thereon should be paid at the rate of four per cent, such interest to be calculated from the respective times of the company taking possession of each acre of the land; that from and after the 1st of July, 1858, the company should pay interest at five per cent upon the purchase money, should the same be not then paid, and from and after the 1st of January, 1859, should pay interest at eight per cent on all moneys remaining due under the agreement until payment thereof, but that this should not be considered as creating any right on the part of the company to withhold or delay the payment of such moneys upon paying such higher rate of interest. The interest began to run at different times between September, 1856, and May, 1857, and the purchase money was not paid until February, 1865. The delay was not

caused by the willful default or negligence of the vendor. The railway company refused to pay interest at the increased rate, insisting that the stipulation therefor was intended as a penalty to secure the completion of the purchase within a reasonable time and hence unenforceable. Lord ROMILLY, writing for the court, said: "I am of opinion, however, that the stipulation in this contract for payment of interest at eight per cent is not in the nature of a penalty, but is a separate and distinct contract. It is not the high rate of interest which constitutes a penalty. I apprehend it is quite clear that if a vendor and a purchaser enter into a contract by which the purchaser agrees to pay ten per cent interest from the time that he takes possession until the contract is completed, in the absence of any fraud or misconduct of the vendor he is bound to pay interest at ten per cent. Having made that contract with his eyes open, he cannot afterwards complain that that rate of interest is very heavy, or say that, by reason of the interest being very heavy, it is in the nature of a penalty, which the Court of Chancery will relieve against. So also if the contract provides that the purchase-money shall be paid in the course of, or at the end of, ten years, and that the interest for the first two years shall be five per cent, and the interest for the next two years shall be seven per cent, and so on, that is a perfectly good contract. That is quite distinct from a stipulation that if the interest is not paid regularly the amount shall be increased. Here the parties thought fit to enter into this contract, that the rate of interest was to be four per cent up to a certain date, five per cent for the next half year, and eight per cent for every subsequent year. I know of nothing to prevent persons from entering into a contract of that description." We approve of the reasoning and conclusion thus expressed. Moreover, they have potent support in judicial decisions. (*Capen* v. *Crowell*, 66 Me. 282; *Kendall* v. *Equitable Life Assurance Soc.*, 171 Mass. 568; *Hubbard* v. *Callahan*, 42 Conn. 524; *Pass* v. *Shine*, 113

N. C. 284; *National Life Ins. Co.* v. *Hale*, 154 Pac. Rep. 536; *Miller* v. *Kempner*, 32 Ark. 573; *Sanford* v. *Litchenberger*, 62 Neb. 501; *Portis* v. *Merrill*, 33 Ark. 416; *Lamprey* v. *Mason*, 148 Mass. 231; *Cauthen* v. *Central Georgia Bank*, 69 Ga. 733; *Robbins* v. *Maddy*, 95 Kans. 219.)

It should be observed that the agreement in the case at bar was not that the rate prior to the maturity of the debt, as stipulated, should be increased in case payment was not made as agreed. It is, of course, immaterial that the contract for the additional instrument is expressed in an instrument contemporaneous with and separate from the bond and mortgage.

The rates which the parties have by their contract fixed must be respected. It may be that a stipulated rate may be so excessive that the contract will, should the occasion arise, be adjudged unconscionable and invalid — a question we would approach with much circumspection.

The judgment of the Special Term was entered April 15, 1914. Findings of fact are that the sum of fifty-five thousand dollars of the seventy thousand dollars, payment of which was secured by the bond, mortgage and written agreement was advanced prior to October 8, 1912, and the sum of fifteen thousand dollars was advanced on November 13, 1912. The contract to pay interest became merged in the judgment and inoperative upon its entry. The plaintiff at Special Term was adjudged the recovery of interest at the rate of six per cent per annum.

It follows that the judgment of the Appellate Division should be reversed in so far as it affirms the restriction of the plaintiff to the recovery of interest at the rate of six per cent per annum and awards costs to the Frazee Realty Company and Harry H. Frazee, and the judgment of the Special Term should be modified by adjudging additionally that the defendants pay to the plaintiff the sum of the interest at the rate of seventeen per cent per annum on fifty-five thousand dollars from October 8, 1912, to April 15, 1914, and on fifteen thousand dollars from

November 13, 1912, to April 15, 1914, with costs in this court and the Appellate Division, and that the plaintiff have execution therefor.

CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; CHASE, J., dissents; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.