JULIAN D. DE CORDOVA *vs.* EDGAR WEEKS & others.
FREDERIC A. BISSELL & others *vs.* JULIAN D. DE CORDOVA
& others.

Suffolk. May 21, 1923. — June 22, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Bills and Notes*, Interest. *Interest. Evidence*, Extrinsic affecting writing. *Contract*, Construction, Validity. *Assignment*.

A negotiable promissory note, by the terms of which the maker promised to pay $40,000 in three years " with interest quarterly at the rate of eighteen (18) per centum per annum during said term, and for such further time as said principal sum or any part thereof shall remain unpaid, all interest unpaid at maturity to be added to and become a part of the principal and bear interest as herein provided for," is not ambiguous, and evidence of an application and negotiations, pending the execution of the note and not in terms incorporated in or made a part of its provisions by reference, is not admissible to explain or vary its meaning.

By the provisions of the note above described, interest was not to be compounded quarterly and was to be compounded only at maturity.

An assignment of an interest under the will of the maker's father, given by the maker to secure the payment of the note above described, provided that the maker should also assign his interest in certain life insurance policies as further security and from time to time should take out and assign further insurance, and he agreed, " Any failure on my part to furnish such additional policies of life insurance shall give the right to the Lenders to charge interest upon all sums owing from me to the Lenders at the date of such default at double the rate of interest which the said indebtedness then bears." *Held*, that such stipulation should not be held to have been intended as compensation or liquidated damages, or an agreement to pay a larger percentage for a continuance of the loan and extension of time for repayment of advancements, but must be construed, in connection with all the attendant circumstances, as a penalty for the maker's nonperformance, and that a court of equity would not enforce it because it was unconscionable.

BILL IN EQUITY, filed in the Supreme Judicial Court for the County of Suffolk on December 26, 1922, seeking to have ascertained the amount due to those defendants who are called " lenders " in the opinion, and the amount which those defendants who were trustees under the will of the plaintiff's father should pay to the plaintiff after the terms of the assignment of the plaintiff's interest therein to the lenders was satisfied. Also a

CROSS BILL IN EQUITY, by the lenders against the plaintiff in the main bill and the trustees under his father's will, seeking to enforce the plaintiff's rights under the note and assignment described in the opinion.

The suits were heard together by *Carroll*, J. The " application " for the loan to the plaintiff, referred to in the opinion, recited that " interest [was] to be compounded quarterly if not paid when due." The application was not in terms made a part of the note afterwards given. Other material facts found by the single justice are described in the opinion.

Upon all the pleadings and evidence adduced at the hearing, the single justice ruled that the phrase in the note, " all interest unpaid at maturity to be added to and become a part of the principal and bear interest as herein provided for," meant that all interest due at maturity of the note was to be added to it and was to bear interest from that time, and that it was not to be compounded quarterly; and that interest was to be compounded at the maturity of the note and thereafter interest was to run at the rate of eighteen per cent per annum. A decree in accordance with such rulings was ordered, and at the request and with the consent of all parties the suit was reported to the full court for determination.

The cases were submitted on briefs.

*E. I. Smith, H. F. Reed & A. E. Seagrave,* for Julian D. de Cordova.

*A. K. Cohen & M. E. Bernkopf,* for Frederic A. Bissell and Elson M. Blunt.

*J. E. Crowley & J. E. O'Connell,* for Mary J. Card.

*A. B. White & C. A. Barnes,* for Helen L. Trayes.

*W. R. Buckminster,* for the trustees under the will of Thomas Dana.

BRALEY, J. The beneficiaries for life under the will of Thomas Dana having died and his grandson, the plaintiff Julian Dana de Cordova, having survived and attained the age of twenty-one years, the defendants Weeks and Wellington, the trustees, were required by its provisions to " pay over and distribute " to him the " remainder of the principal estate " which amounts " to upwards of $500,000."

But de Cordova having assigned his interest in the fund as collateral security for certain claims due or which might become due from him to the defendants Bissell, Blunt and Butler, hereafter designated as the lenders, the original bill is brought for an accounting to determine the indebtedness, and when it has been ascertained and deducted; that the remainder may be paid over to him, the note surrendered and the assignment discharged.

The material facts are not in dispute. The plaintiff, by profession a lawyer but not then engaged in practice, borrowed of the lenders $40,000 for which he gave his promissory note of the following tenor:

" $40,000.00                         Boston, September 10, 1913. For value received, I, Julian Dana de Cordova, Promise to pay to Bissell & Blunt and Howard F. Butler or order, the sum of forty thousand dollars ($40,000) in three (3) years from this date, with interest quarterly at the rate of eighteen (18) per centum per annum during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid, all interest unpaid at maturity to be added to and become a part of the principal and bear interest as herein provided for." The bill was filed December 26, 1922, and on February 5, 1923, by agreement of parties the trustees paid to the lenders $170,000 on account, which is the first and only payment made on the note. But it is contended by them that notwithstanding this payment there is still due an approximate balance of more than $500,000 which the plaintiff obligated himself to pay by the terms of the note; and of the assignment to which we shall later refer.

The ascertainment and adjustment of the indebtedness under the contentions of the parties, as shown by the record, depends upon the rate of interest which is to be charged on the note, and under the stipulations in the assignment. The first question is whether interest on the note should be compounded quarterly on all sums then due, or whether it should be compounded only at the date fixed for payment of the principal. It must be decided on the terms of the note; and evidence of the application and negotia-

tions for the loan was excluded rightly. *De Friest* v. *Bradley,*
192 Mass. 346, 352. *Butterick Publishing Co.* v. *Fisher,*
203 Mass. 122, 132, 133.

It is settled by our own decisions that the interest should
not be computed by making quarterly rests. *Shaw* v.
*Norfolk County Railroad,* 16 Gray, 407, 416. *Hodgkins* v.
*Price,* 141 Mass. 162, 164. *Tisbury* v. *Vineyard Haven
Water Co.* 193 Mass. 196, 198. While payable quarterly
" during said term," the interest is also payable " for such
further time as said principal sum, or any part thereof, shall
remain unpaid, all interest unpaid at maturity to be added
to and become a part of the principal and bear interest as
herein provided for." The words, " at maturity," fix the
determinable future time when the principal which is to
include all accrued interest is thereafter to bear interest
at the rate specified. It follows, that the single justice
correctly ruled that on the face of the note, interest was
to be compounded only at maturity. The plaintiff also
in compliance with the provisions of the assignment trans-
ferred three policies of insurance on his life " in the ag-
gregate of one hundred thousand dollars " as " additional
security for the payment of any and all sums which may be
due on said . . . note." It was further stipulated that
he should pay the premiums as they became due, and if
he defaulted the lenders were directed to make the pay-
ments for which they were to be reimbursed " together with
interest thereon computed in the same manner and at the
same rate of interest as is provided for in said . . . note."
If at the end of four years from the date of the note the
plaintiff's debt had not been liquidated, he agreed to obtain
additional insurance in companies satisfactory to the lenders
to whom the policies were to be assigned and delivered, for
a sum which added to the amount of insurance then in force
would be sufficient " to equal a sum equivalent to ten . . .
per cent in excess of what may become due . . . at the
expiration of six . . . years from the date of said . . . note,
including in said sum . . . . any and all premiums on any and
all of said policies . . . due during the said six . . . years
period, together with interest upon said premiums computed

as above provided for in case of non-payment." The assignment also provides, that at the end of the period of six years he is to apply for further insurance every two years in advance until all the lenders' demands had been satisfied. It was conceded by the plaintiff that after the assignment he made no further payments and obtained no additional insurance; and that the lenders during a period beginning August 6, 1914, and ending October 5, 1922, have paid the premiums of all policies issued on his life for which provision is made in the assignment. The date and amount, with the name of the company appears in the schedule annexed to the cross bill in which the lenders and Helen L. Trayes, to whom Butler transferred his interest in the note and assignment, ask to have their alleged claims established and the entire fund applied in payment.

But even if the lenders should be allowed interest only at the rate of eighteen per cent the second question is whether they are entitled to interest at the rate of thirty-six per cent on the amount of the note at maturity as well as on the sums due for premiums, computed after September 10, 1917, the date when the plaintiff inexcusably failed to comply with the demand for additional insurance. The clause in the assignment, under which the right to double the interest is asserted, is in these words, " Any failure on my part to furnish such additional policies of life insurance shall give the right to the Lenders to charge interest upon all sums owing from me to the Lenders at the date of such default at double the rate of interest which the said indebtedness then bears." The parties undoubtedly had the right to make their own contracts. The increased amount, however, to be paid on default being obviously greater than the damages for non-payment of the note or moneys advanced for premiums, with interest at the rate of eighteen per cent which could be separately and readily calculated and exactly ascertained, the stipulation should not be held to have been intended as compensation or liquidated damages, or an agreement to pay a larger percentage for a continuance of the loan, and extension of time for repayment of advancements. See *Chase* v. *Allen*, 13 Gray, 42, 45; *Lynde* v. *Thompson*, 2 Allen, 456, 459, 460;

*Guerin* v. *Stacy,* 175 Mass. 595, 597; *French* v. *Bates,* 149
Mass. 73; *Union Estates Co.* v. *Adlon Construction Co.* 221
N. Y. 183.   We are accordingly of opinion, that the stipula-
tion considered in connection with all the attendant circum-
stances should be deemed a penalty for the plaintiff's
nonperformance, which a court of equity will not enforce
because it is unreasonable, unconscionable and oppressive.
*Merrill* v. *Merrill,* 15 Mass. 488.   *Kellogg* v. *Curtis,* 9 Pick.
534, 535.   *Higginson* v. *Weld,* 14 Gray, 165, 172, 173.   *Fisk*
v. *Gray,* 11 Allen, 132.   *Wallis* v. *Carpenter,* 13 Allen, 19, 25.
*Cushing* v. *Drew,* 97 Mass. 445, 446.   *Ropes* v. *Upton,* 125
Mass. 258, 260.   *Makletzova* v. *Diaghileff,* 227 Mass. 100, 108.
*Hurd* v. *Dunsmore,* 63 N. H. 171.   *Kemp* v. *Nickerbocker
Ice Co.* 69 N. Y. 45.   *Streeper* v. *Williams,* 48 Penn. St.
450, 454.   *Bradstreet* v. *Baker,* 14 R. I. 546.   *Krutz* v.
*Robbins,* 12 Wash. 7; 28 L. R. A. 676; 50 Am. St. Rep. 871.
*Tayloe* v. *Sandiford,* 7 Wheat. 13.   *Benson* v. *Gibson,* 3 Atk.
395.   *Astley* v. *Weldon,* 2 B. & P. 346.   *Parker* v. *Butcher,*
L. R. 3 Eq. 762.   *In re Newman,* 4 Ch. Div. 724, 731.   2
Story Eq. Jur. (13th. ed.) §§ 1314, 1316.   The cross bill is
to be dismissed; and a decree on the original bill with costs
is to be entered ordering the defendants Bissell, Blunt,
Butler and Trayes upon payment by the trustees of the
balance of the plaintiff's indebtedness to be computed in
the county court, with interest at the rate of eighteen. per
cent to the date of the decree, to surrender the note, dis-
charge the assignment, and transfer the policies of life in-
surance to the plaintiff.   And it is further ordered under the
agreement of parties, that one half of said balance, being the
portion as between themselves coming to the defendant
Trayes, be paid into court to await the final decree in the
pending suit of Mary J. Card v. Helen L. Trayes and others.
*Union Institution for Savings* v. *Boston,* 129 Mass. 82.

*Ordered accordingly.*