## In re INTERNATIONAL HYDRO–ELECTRIC SYSTEM.

## Application of SECURITIES AND EXCHANGE COMMISSION.

### Civ. A. No. 2430.

United States District Court
D. Massachusetts.

Oct. 29, 1951.

Oliver Waite, Bartholomew A. Brickley, Boston, Mass., for International Hydro-Electric System.

Carlos Israels, New York City, Harlow B. Lester, Washington, D. C., Jacob Kaplan, Boston, Mass., for Securities & Exchange Commission.

FORD, District Judge.

In this proceeding for rearrangement under the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., of International Hydro-Electric System (hereinafter called IHES) Chemical Bank and Trust Company, as successor indenture trustee under a trust indenture dated April 1, 1929, brings this petition for authority to distribute $85,017.60, representing interest on certain deferred interest instalments.

At the time this proceeding began in 1943, IHES had outstanding debentures in the principal amount of $26,568,000, issued under the aforesaid trust indenture, bearing interest at the rate of 6% per annum payable semi-annually until the principal was paid. These debentures matured on April 1, 1944 and were not paid at that time. Since that time, however, pursuant to a plan approved by this court, the principal amount of the debentures has been paid in full. Interest at 6% until the date of the payment of the principal has also been paid. However, in the case of the semi-annual interest payments falling due on April 1 and October 1 of the years 1945 and 1946, IHES paid on each of these interest days only $20 on account of the $30 then due as interest on each $1000 debenture. The balance of the interest due on each of these days was paid on May 1, 1947. The indenture trustee's present claim is for interest on these deferred interest payments from the day on which they were due until the day of payment in 1947. Demand for such payment was made by the indenture trustee on June 6, 1950. If this claim is valid, the amount of the payment is not in dispute, and the sum claimed has been paid to the indenture trustee to be held by its subject to such order as may be entered in this proceeding. The question has been referred to the Securities and Exchange Commission which, after full hearing, issued on June 29, 1951 an opinion and order authorizing the indenture trustee, subject to the approval of this Court, to distribute the sum held by it to the holders of the IHES debentures as of the time they were retired or exchanged.

Article Six, Section 2 of the trust indenture provides: "The Company covenants

and agrees that (1) if default shall be made in the payment of any instalment of interest on any of the debentures when and as the same shall become due and payable, and such default shall continue for thirty days, * * * then upon demand of the Trustee the Company will pay to the Trustee, for the benefit of the holders of the debentures and coupons then outstanding, the whole amount that then shall have become due and payable on all the debentures and coupons then outstanding for interest or principal or both as the case may be, with interest at the rate of six per cent. (6%) per annum upon the overdue principal and instalments of interest, * * *."

■ The plain meaning of this section seems to be that interest is to be paid on all overdue instalments of interest so long as they remain unpaid. No distinction is made between interest on the bonds before maturity and interest after maturity. The company had agreed to pay interest at the same rate before and after maturity. The quoted section purports to deal with default in *any* instalment of interest. The trustee of IHES contends that the effect of the words "the whole amount that then shall have become due and payable on all the debentures and coupons then outstanding for interest or principal or both as the case may be" is to limit the obligation to pay interest on overdue interest to the case of interest on the debentures before maturity, since it was only such interest obligation that was represented by coupons. But these words purport to describe not the extent of the company's obligation, but the persons for whose benefit the indenture trustee is to act. The coupons were transferable separately from the debentures and hence it was necessary to describe holders of both debentures and coupons as claimants against the company. If anything, these words imply a result directly contrary to that which the IHES trustee seeks to give them. The section speaks of "debentures and coupons then outstanding for interest or principal *or both* as the case may be." (Emphasis mine.) A coupon cannot represent a claim for both interest and principal, but only for a single interest instalment before maturity. The debenture does not represent any claim to the interest before maturity, since such claim is embodied in the coupons. The only case where one document can embody a claim for both overdue interest and principal is that of the debenture representing a claim for the principal and for the interest after maturity for which no coupons were ever issued. It seems clear that such a debenture holder after maturity is entitled to interest on overdue interest instalments.

■ IHES is a Massachusetts company and the contract is one calling for payment in Massachusetts and containing a provision (Article Twelve, Section 3 of the trust indenture) for the construction and performance of the contract under the law of Massachusetts. It is contended that the exaction of compound interest is contrary to the policy of the Massachusetts law. Numerous Massachusetts cases have been cited in which payment of compound interest was refused in the absence of any contractual provision requiring it, but where interest on overdue interest is expressly provided for by the terms of the contract such a provision is enforceable in Massachusetts. de Cordova v. Weeks, 246 Mass. 100, 140 N.E. 269; American Trust Co. v. Proctor, 4 Cir., 42 F.2d 384.

■ There remains the question of whether the payment would be fair and equitable under § 11(d) of the Act. In this connection, it is important that IHES is not at the present time insolvent. It has assets more than sufficient to meet all claims of its creditors. No benefit will be given to the debenture holders at the expense of any other class of creditors. The burden of this payment will fall entirely on the interest of the stockholders. They cannot complain that they are treated inequitably when their interest is cut down by the payment of a sum to which the debenture holders are clearly entitled by the express provisions of the trust indenture. The situation here differs from that in Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162, where the payment of interest on deferred interest payments was not allowed even though called for by the trust inden-

ture, because the payment would have reduced the share of subordinate creditors in the reorganization of an insolvent corporation. Further, in the Vanston case, the interest was not paid on time because of a court order forbidding such payment, while in the case of IHES the delay in payment of interest was due to the choice of the trustee, based on the belief that the deferment of payment would be beneficial to the company, and thus, since the company is solvent, to the advantage of the stockholders. Fairness requires that the debenture holders who were compelled to wait for their interest payments should receive the compensation which the indenture provided they should be paid in such an eventuality.

 The trustee of IHES further contends that the order of this court of April 15, 1947 approving the payment of the deferred portion of the 1945 and 1946 interest payments, which describes that payment as one "of accrued and unpaid interest to and including April 1, 1947" is an adjudication of the question here presented. But it does not appear that the question of payment of interest on the overdue interest was then presented to the court. No claim in fact seems to have been made for this interest on interest until a demand was made by certain debenture holders on June 5, 1947, almost two months after the court made its order.

The trustee's further claim that the payment of interest on interest was waived must be rejected. It is based on the fact that when the overdue interest was paid in 1947, together with the semiannual payment then due, there was stamped on each debenture presented to the paying agent the following legend: "Paid hereon accrued and unpaid interest to and including April 1, 1947 $70." But this does not unequivocally state whether the payment was in full or partial settlement of the interest claims to that date. Moreover, the stamping seems to have been done by the paying agent for its own bookkeeping purposes, and nothing has been shown to indicate that it was done with the approval or even with the prior knowledge of the debenture holders. Hence, it cannot be construed as an act of relinquishment on their part of the claim they now assert.

An added reason why the trustee's position is not tenable is that when the May 1, 1947 interest payments were made the right of the debenture holders had not yet matured, since no demand therefor had been made by the indenture trustee.

The claim of certain debenture holders for a further payment of interest on the interest on the deferred interest was denied by the Securities and Exchange Commission, and was not pressed in the proceedings in this Court.

An order will be entered approving the proposed payment to the debenture holders.