*Western District*

## SECURITY SAFETY CORP.
### v.
### EDMUND KUZNICKI AND
### RACHEL H. KUZNICKI

Argued: Nov. 6, 1964—Decided: Feb. 1, 1965

*Present*: Levine, J. (Presiding), Allen & Sloan, JJ.

Case tried to *Garvey, J.* in the District Court of Western Hampden.

*Allen, J.* This is an action of contract in one count alleging the defendants cancelled a written contract for labor and materials in which they had agreed to pay one-third the total price as liquidated damages in event of cancellation. The answer was a general denial and payment.

[1] The parties having submitted the case on a statement of agreed facts, the judge properly took no action on the plaintiff's requests for rulings of law. *Simmons v. Cambridge Savings Bank,* 346 Mass. 327.

"The construction of an unambiguous written contract . . . (is) a pure question of law." *Daley v. J. F. White Contracting Company,* 347 Mass. 285, 288 and cases cited.

The contract here involved was signed on the evening of March 25, 1964. It provided for installation of a fire detection system for $498.00 on the defendants' premises. About

9:00 the next morning the defendants *before the plaintiff did anything in respect to the work it was to perform cancelled the contract* (emphasis supplied).

█ The issue in this case is the proper interpretation to be given to the following clause in the contract:

> "In the event of cancellation of this agreement . . . the owner (sic) (defendants) agrees to pay 33 1/3% of the contract price as liquidated damages."

No evidence was submitted as to actual damages suffered by the plaintiff.

The judge ruled the clause in question "is unreasonable and void. It provides for the payment of a penalty and therefore unenforceable." He found for the plaintiff and assessed damages in the amount of $1.00. The plaintiff claiming to be aggrieved, the judge made a voluntary report under G. L. (Ter. Ed.) c. 231, §108. It is our opinion that the judge ruled correctly.

In *DeCordova v. Weeks,* 246 Mass. 100, 105, the court said,

> "the stipulation considered *in connection with all the attendant circumstances,* (emphasis supplied) should be deemed a penalty for the plaintiff's (here defendants') non performance."

It therefore appears that each case should be considered on its own merits and no hard and fast rule can be laid down as to percentages that constitute penalties rather than liquidated damages.

> "The tendency and preference of the law is to regard a sum stated to be payable if a contract is not fulfilled, as a penalty, and not as liquidated damages."

*Cushing v. Drew,* 97 Mass. 100, 105. It does not appear to us that this is a case involving great difficulty in determining actual damages nor that the percentage set forth bears any relationship to them.

> "Use of the words 'liquidated damages' is not decisive, and in some cases, notwithstanding such designation, it may be apparent from the terms of the entire contract and an examination of the subject matter that the money is to be treated as a penalty."

*Kaplan v. Gray,* 215 Mass. 269, 272; *Sun Printing and Publishing Association v. Moore,* 183 US 642, 660.

Restatement, Contracts states in §339:

> "An agreement, made in advance of breach, fixing the damages therefore, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

Applying these rules to the present case the provisions for payment of one-third of the contract price appears to be a penalty and falls within the rule set forth in the

comment on said §339 of the Restatement, which reads:

"Punishment of a promisor for breach, without regard to the extent of the harm that he has caused, is an unjust and unnecessary remedy."

The same principle is stated in Williston on Contracts (3rd Ed.) §776:

"It is held *in terrorem* over the promisor to deter him from breaking his promise."

No evidence was presented as to damages and the cancellation having occurred before the plaintiff did anything in respect to the work it was to perform the judge properly awarded nominal damages.

The report is to be dismissed.

Thomas J. O'Connor, of Springfield, for the Plaintiff.

Robert L. Hill, of Somerset, for the Defendants.