Leonard J. Supple, J.
Plaintiff moves for an order striking the answer of the defendant Jody Electric Co., Inc. and the answer of the defendant Vincent J. Girardi, individually and as administrator, and of the defendant Rosemarie Frances Girardi, and which order will direct summary judgment in favor of the plaintiff and appoint a Referee to compute.
The cause of action is brought to foreclose consolidated mortgages given by the defendant Lin-Crary Properties, Inc. to the plaintiff.
The defendant Jody Electric Co., Inc. in its answer pleads an affirmative defense to the effect that it performed certain work, labor and services for the defendant Lin-Crary Properties, Inc., that the plaintiff had full knowledge of this circumstance, that the plaintiff paid part of the charge for the work at a time when the mortgage being foreclosed was in default, and that the plaintiff thereby assumed the obligation of paying the entire amount to the defendant Jody Electric Co., Inc. It is further alleged that plaintiff paid the money to the said defendant for the purpose of inducing the said defendant to complete the work and with knowledge that it would foreclose the mortgage and thereby wipe out the said defendant’s mechanic’s lien.
The defendant Jody Electric Co., Inc. has not appeared upon the motion and the moving affidavit satisfies the court that the defense is without merit.
The answer of the defendants Girardi pleads the affirmative defense that there is a mortgage in their favor on the property subsequent in time to the mortgage being foreclosed, but which mortgage, it is said, is superior because the mortgage being foreclosed contains a penalty which is fatal to its validity. The consolidated mortgages being foreclosed bear an interest rate of 6% but contain a provision to the effect that, if the mortgage is not paid at maturity, the unpaid balance of principal shall bear interest at the rate of 2% per month from the date of maturity to the date of payment. Further, it is alleged, a provision in the mortgage permitting the holder to charge an attorney’s fee for foreclosure proceedings that might be necessary also is a penalty fatal to the validity of the mortgage here being foreclosed.
*307 The defendants Girardi do not seriously assert on this motion that the provision relative to counsel fees was actually a penalty. Their fundamental objection is made to the 2% provision just referred to.
The said defendants do not assert that the 2% per month provision violates the usury laws since the mortgagor was a corporation, but they do assert that the interest rate charged after maturity is so large as to constitute a penalty of the type the common law has condemned for centuries.
The said defendants asserted substantially the same argument in Sidney Levine, Inc. v. Derfla Estates (N. Y. L. J., Feb. 21, 1966, p. 15, col. 7). There, Mr. Justice Frank rejected the argument upon the authority of Union Estates Co. v. Adlon Constr. Co., 221 N. Y. 183). The said defendants point out that this court is not bound to follow Mr. Justice Frank’s decision and also urge that Union Estates Co. v. Adlon Constr. Co. can be distinguished. The principal distinguishing factor, it is said, is that in the instant mortgage there were the usual provisions which permitted the holder of the mortgage at its option to declare the full principal amount due and payable in the event of certain defaults by the mortgagor. The said defendants say that, even assuming the rule of Union Estates Co. v. Adlon Constr. Co. is relevant here, it should be limited to the situation where the interest rate they regard as a penalty rate runs only from the normal maturity date and should not be extended to a case where the creditor may, at his election, accelerate the maturity date by reason of the debtor’s default.
In applying the rule in the usury field, such a distinction is of no consequence (Flynn v. Dick, 13 A D 2d 756) and the court cannot think of a logical basis for making such a distinction here.
It may well be that some rate of interest imposed by contract after maturity could be so unconscionable as to render inapplicable the rule of Union Estates Co. v. Adlon Constr. Co. (supra), but in the light of the language of the court in that case, this court believes it would be presumptuous on its part to attempt to set the figure. It may well be that, upon appeal, an appellate court might see fit to make some such declaration, perhaps by the application of the public policy of this State as expressed in section 2401 of the Penal Law which renders criminal under certain circumstances an interest rate in excess of 25% per annum.
The moving affidavit, with the exception of the matters discussed, clearly establishes the plaintiff’s case, and the court is of the opinion that none of the objections here raised indicates the existence of triable issues of fact. The motion will be granted.