STATE, JAMES C. LANSING, PROSECUTOR, v. CATHARINE DODD.

1. It is a general rule of construction, that the sum agreed upon by the parties to a contract, to be paid for breach of covenant by the non-performing party to the other, will be treated as a penalty, unless it is payable for an injury of uncertain amount and extent; or if payable for more than one breach, unless the damages which arise from each of them are of uncertain amount.

2. Where a contract contains several stipulations, and the damages resulting for not complying with part of them are capable of being measured, the sum fixed upon will be treated as a penalty.

3. The sum named cannot be regarded as a penalty as to part of the provisions of the contract, and as liquidated damages as to the other part; if it be not liquidated damages as to one of the covenants, it cannot be so as to the others.

4. The intention of the parties is to be derived from the whole contract; and whenever it be doubtful whether the sum named is intended by the parties as penalty or as liquidated damages, it will be construed as a penalty.

On *certiorari* to the Hudson Common Pleas. The facts appear fully in the opinion.

Argued at June Term, 1883, before Justices DIXON and PARKER.

For the prosecutor, *James D. Manning.*

*Contra, Charles P. Nicoll.*

The opinion of the court was delivered by

PARKER, J. On the 2d day of May, 1882, Catharine Dodd entered into a written agreement with James C. Lansing, by which it was agreed that she would convey to him, on or before the 2d day of June then next ensuing, a lot of land in Jersey City, for the consideration of $1750.

Lansing, by the terms of the agreement, was to pay Mrs. Dodd the consideration money upon her executing the conveyance. It was further agreed in said writing, that Lansing should or might, on or before the 3d day of June then next, enter into the possession of said lot, and take the rents, issues and profits thereof to his own use.

The last clause of the agreement reads as follows, viz.: "And for due performance of all and singular the covenants and agreements aforesaid, the said Catharine Dodd and James C. Lansing do bind themselves, their heirs, executors and administrators, each to the other, their executors, administrators or assigns, in the sum of one hundred dollars, firmly by these presents."

Mrs. Dodd, not having executed the deed at or before the day limited, Mr. Lansing sued her in the District Court of Jersey City for the breach of the covenant to convey, and obtained a judgment for $100 damages and costs.

Lansing v. Dodd.

It is agreed that there was no evidence of *actual damages* sustained by the plaintiff, because of defendant's non-performance of the contract.

The District Court determined that the said sum of $100 mentioned in the agreement, must be treated as liquidated damages, and not as a penalty, and gave judgment for plaintiff for the whole amount.

From this judgment the defendant appealed to the Court of Common Pleas of the county of Hudson. The last-named court reversed the judgment, and treated the sum fixed in the agreement as a penalty.

This *certiorari* is brought by Mr. Lansing to reverse the judgment of the Court of Common Pleas.

The only reason filed for a reversal is, " that the Court of Common Pleas erred in determining that the amount in which Catharine Dodd and James C. Lansing bound themselves in their contract, was to be regarded as a penalty and not as a liquidated sum to be forfeited."

The question to be decided by this court is, whether, by the agreement between these parties, the non-performing party was to pay the other a penalty to the amount only of actual damages proved, or whether the sum fixed by the parties to be paid for breach of contract, was to be taken as liquidated damages, to be paid without regard to the actual damages.

It is sometimes difficult to determine what the intention of the parties to a contract was, in naming a sum which the defaulting party should pay the other, in case of his non-performance. The intention, when discovered, is to govern.

The construction to be given to the clause which fixes the sum to be paid in case of non-compliance, is not to be derived solely from the language of that clause, although such language will have much influence in that regard. There are cases where the sum named in the agreement was called " liquidated damages," and yet was construed by the court as a " penalty ;" and, also, where the word " penalty " was used by the parties, it has been held to mean " liquidated damages."

The intention is to be ascertained from the provisions of the entire contract.

In this case, neither the words "liquidated damages," "penalty," nor even "forfeit," are used; and the court is not in the least degree restricted by the language of the clause wherein the sum is named, but left entirely free to deduce the intention of the parties from all parts of the agreement.

It is a general rule of construction that the sum agreed upon will be treated as a penalty, unless it is payable for an injury of uncertain amount or extent; or, if payable for more than one breach, unless the damages which arise from each of them are of uncertain amount.

If a contract contains stipulations for performance of divers things, and the damages resulting from non-performance of some of them, are capable of being measured by a precise sum, and one sum is stipulated to be paid in respect to the non-performance of the contract generally, that sum is a penalty, although the parties choose to call it liquidated damages and not penalty, and so express it in the contract. 1 *Addison on Cont.*, § 496; *Astley* v. *Wilson*, 2 *B. & P.* 346, 353.

In general, a sum of money in gross, to be paid for non-performance of an agreement, is considered a penalty, the legal operation of which is to cover the damages which the party in whose favor the stipulation is made, may have sustained from the breach of the contract by the other party. *Tayloe* v. *Sandiford*, 7 *Wheat.* 13.

Where the contract is to do several things, and one sum is to be paid for breach, that sum is intended and regarded as adequate compensation for a breach of the whole contract, for it is all the promisor is to pay if he breaks the whole. It would be most unjust and oppressive to require him to pay the whole sum for violating any one of the least important items of the contract. 2 *Parsons on Cont.* (*4th ed.*) 438.

The sum named must be regarded as liquidated as to all the provisions to which it shall extend, or it will not be so regarded as to any. It cannot be liquidated damages in one case and not in the other. It applies to the covenant of one

party to convey, and to that of the other party to pay the consideration money on the delivery of the deed. The measure of damages in one case is unpaid purchase money, which can be ascertained, and as to that covenant, it cannot be considered liquidated damages, and if not liquidated as to that covenant, it cannot be as to any. *Whitfield* v. *Levy*, 6 *Vroom* 149, 156.

In applying to this case the principles relating to construction hereinbefore stated, it will be observed that the sum of money named in the agreement between these parties, is made payable by the vendee to the vendor, on the vendee's failing to pay the purchase money, as well as by the vendor to the vendee on her failure to convey. On default in the former case, the damages are ascertainable, viz., purchase money and interest. As to that stipulation, the $100 is a penalty; and if so, as to that stipulation, it must be a penalty as to the other stipulations.

There were two covenants in the agreement on the part of the grantor, and only one sum to be paid generally for breach of covenants. She was to execute the deed on or before a certain day; and she also agreed that the grantee might enter into and upon the premises, and take the rents, issues and profits of the same to his own use on another day named in the agreement.

I am of opinion that the sum of $100, named in this agreement, should be treated as a penalty, and not as liquidated damages, and that the judgment in the Court of Common Pleas of the county of Hudson should be affirmed.

Where it is doubtful, from the whole agreement, whether the sum named is intended as a penalty or stipulated damages, it will be construed as a penalty. *Cheddick's Ex'r* v. *Marsh*, 1 *Zab.* 463.

If, on the face of an agreement, it be doubtful whether it was intended that the sum specified shall be a penalty or liquidated damages, the inclination of the courts is to consider the contract as creating a penalty to cover damages actually sustained by a breach of the contract, and not liquidated damages. *Crisdee* v. *Bolton*, 3 *C. & P.* 240.

Lansing v. Dodd.

The tendency and preference of the law is to consider a sum payable for breach of contract as a penalty, over which it has control, rather than as liquidated damages.

The judgment of the Court of Common Pleas is affirmed.