## MILLER v. IRVING TRUST CO., TRUSTEE IN BANKRUPTCY.

No. 67. Argued November 20, 21, 1935.—Decided December 9, 1935.

*Mr. Robert D. Steefel,* with whom *Mr. Sol M. Stroock* was on the brief, for petitioner.

*Mr. Lester D. Melzer,* with whom *Mr. Irving L. Ernst* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The question is as to provability of a claim growing out of the termination of a lease by petitioner to the bankrupt and reëntry before lessee filed his petition in voluntary bankruptcy. There is involved a construction of §§ 1 (11), 17 and 63 (a) (b) of the Bankruptcy Act.* The

---

* Section 1 (11). " . . . ' debt ' shall include any debt, demand, or claim provable in bankruptcy." 11 U. S. C., § 1 (11).

Section 17. "A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . ." 11 U. S. C., § 35

District Court for the Southern District of New York held the claim not provable. 10 F. Supp. 733. The Circuit Court of Appeals affirmed, 77 F. (2d) 1012, following its decision in *Urban Properties Co.* v. *Irving Trust Co.,* 74 F. (2d) 654, in which we granted a writ of certiorari, 295 U. S. 725, dismissed on petitioner's motion, *post,* p. 658. The decision in the case now before us conflicts with that of the Circuit Court of Appeals for the Seventh Circuit in *Lloyd Investment Co.* v. *Schmidt,* 66 F. (2d) 371. To resolve the conflict we granted this writ. 295 U. S. 729.

The lease covered a store building in Newark, New Jersey, and was for a term of ten years commencing August 1, 1928. The lessee occupied the premises until April 27, 1932, when, by the above named court, an equity receiver was appointed for it. The receiver, having disaffirmed the lease, vacated the premises July 18, and the lessor took possession July 25; the lessee filed its petition in bankruptcy August 27. Later, the lessor relet the premises for the balance of the term but for rents less than those reserved in the lease to the bankrupt.

That lease provides that, if the premises shall become vacant or the term shall end prior to the expiration date because of any act of the tenant, the landlord may re-enter, relet the premises and apply the rents received on

Section 63. " *Debts which may be proved.* (a) Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest; . . . (4) founded upon an open account, or upon a contract express or implied; . . .

"(b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate." 11 U. S. C., § 103.

the reletting to the payments of rents due under the lease, and that the tenant shall not be entitled to any surplus, but shall remain liable for any deficiency which, at the option of the landlord, shall become payable on demand or as it accrues from month to month.

The petitioner filed a claim consisting of two items. The first was for $600 filed as a priority claim covering rent for March and April, 1932, and the second was for $16,025 filed as a general claim for the difference between the rent reserved in the lease and the fair rental value of the premises for the balance of the term. The trustee objected to the claim and sought to have it reduced to $1,000 admittedly owing for past due rent at the time of filing the petition in bankruptcy. The first item having been allowed and paid as a claim entitled to priority, under New Jersey law, the referee reduced the second item to $400.

The covenant before us is like that considered in *Manhattan Properties* v. *Irving Trust Co.*, 291 U. S. 320. The difference between the cases is that here the reëntry occurred before, while in that case there was no reëntry until after, bankruptcy. The petitioner's statement of claim does not follow the covenant in his lease. It is made as if it rested on a covenant providing for damages equal to rents reserved less rental value for the rest of the term, such as that on which the landlord prevailed in *Irving Trust Co.* v. *Perry Co.*, 293 U. S. 307. But petitioner's claim must be adjudged on the basis of the covenant that in his interest was inserted in the lease. The only measure available to him is the difference between the rents reserved in the lease and what he might choose or happen to get on reletting. Under the clause in question, it was, at the time the petition in bankruptcy was filed, uncertain, a mere matter of speculation, whether any liability ever·would arise under it. § 63 (a). *Riggin* v. *Magwire,* 15 Wall. 549. *Dunbar* v. *Dunbar,* 190 U. S. 340, 345. *In*

*re Merrill & Baker,* 186 Fed. 312; cf. *Maynard* v. *Elliott,* 283 U. S. 273, 278. The method here prescribed is not governed by any rule or principle written into or derivable from the lease or recognized in law as governing in such cases as this. Without transgressing the covenant, he may make, terminate and renew leases covering the premises without regard to rental value. He is free to fix or control the amount of lessee's liability, at least to the extent of the difference between free use and reasonable rental value of the premises. It is clear that the specified basis is not a valid one for the proving of claims under § 63.

*Affirmed.*