COMMISSIONER OF INSURANCE *vs.* MASSACHUSETTS
ACCIDENT COMPANY.

Suffolk.  January 6, 1942. — January 30, 1942.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Damages,* For breach of contract.  *Contract,* Penalty.  *Landlord and Tenant,* Construction of lease, Rent.  *Receiver.*

A provision of a lease for acceleration of the rent upon receivership of the lessee or upon failure to perform any of several covenants, which in some instances would result in inconsiderable damage to the lessor and in others in substantial damage, was construed as calling for a penalty and not for liquidated damages, and was not enforceable by the lessor in such a receivership.

In a receivership of the lessee under a lease providing for the payment of rent monthly in advance on the first day of the month, where a June 1 was set as the last day for filing claims and the receiver vacated the leased premises on May 12, several months before the end of the term of the lease, the lessor was entitled to prove a claim for an unpaid balance of the rent for the month of May, but not for any rent thereafter.

APPLICATION, filed in the Supreme Judicial Court for the county of Suffolk on August 23, 1939, under § 180B, inserted in G. L. (Ter. Ed.) c. 175 by St. 1939, c. 472, § 3.

After appointment of a receiver, there was a hearing by *Cox,* J., respecting a claim of the Boston Insurance Company, which appealed from a decree entered by his order.

*D. M. Hill,* (*D. M. Hill, Jr.,* with him,) for Boston Insurance Company.

*A. B. Casson,* (*T. W. Lawless* with him,) for the commissioner of insurance as receiver.

RONAN, J.  The Boston Insurance Company on April 17, 1930, leased certain premises to the Massachusetts Accident Company for a term ending January 31, 1941.  The commissioner of insurance has been duly appointed receiver of the lessee, and vacated the demised premises on May 12, 1940.  The lessor filed a claim with the receiver and seeks to establish a claim for the unpaid rent for the residue of

the term. The single justice allowed the claim in the sum of $667.45, being the rent at the rate designated by the lease for the month of May less what had been paid by the receiver for the first twelve days of that month. The lessor appealed.

The lease provided for the acceleration of the rent upon the happening of certain contingencies including the appointment of a receiver for the lessee, and, upon the reëntry of the lessor, the lease was to terminate. The issues presented for decision are whether the provision for the acceleration of the rent calls for a penalty or liquidated damages, and if for a penalty, then for what amount the claim should be established.

An examination of the lease discloses that the lessee not only assumed the obligation to pay rent but also to pay a portion of the cost of the improvements which the lessor had made upon the demised premises, and for electricity furnished by the lessor or to reimburse it for payments it might make for the electricity, if it was furnished by a public service company. The lessee was bound to keep the premises in repair; to indemnify the lessor for all·loss and damage arising from the lessee's neglect or use of the premises, and for any injuries sustained by persons thereon that were not due to the negligence of the lessor. The lessee could not make any holes in the walls or floors or attach any awnings or signs without the written approval of the lessor. It is unnecessary to recite the other covenants which the lessee was required to perform and observe. The lease was made upon condition that all such covenants would be kept by the lessee, and upon its failure to do so or if a receiver should be appointed all the rent for the balance of the term should immediately become due and payable. Breach of some of these covenants would be of minor importance and the loss that might result therefrom could be readily and accurately ascertained. The loss might be greatly disproportionate to the amount required to be paid for rent for the residue of the term. It could hardly be thought that this provision for the acceleration of the rent was considered by the parties as compensation for damages

due to a breach of these various covenants. The parties did not describe this lump sum payment of rent as liquidated damages, although if they had that would not be conclusive. *Fisk* v. *Gray,* 11 Allen, 132. *Wallis* v. *Carpenter,* 13 Allen, 19. *Kaplan* v. *Gray,* 215 Mass. 269. But it appears that certain payments of instalments of rent to be made subsequently to a reëntry by the lessor are referred to as "liquidated damages," which indicates that the parties knew how to provide for such damages when they intended to do so. *Makletzova* v. *Diaghileff,* 227 Mass. 100. *United States* v. *Bethlehem Steel Co.* 205 U. S. 105. We think that the clause providing for the acceleration of rent in this lease, which must be construed as of the time of its execution and not as of the time of the breach, comes within the general rule that, where a lease contains many covenants of varying importance, and where a breach of some of them would result in a loss which could be accurately determined and would be inconsiderable in comparison with the amount required by the lease to be paid although the damage resulting from a breach of some of the other covenants would be substantial and difficult exactly to ascertain, the sum designated to be paid upon a breach of any of these covenants is a penalty and not liquidated damages. *Higginson* v. *Weld,* 14 Gray, 165. *Fisk* v. *Gray,* 11 Allen, 132. *Wallis* v. *Carpenter,* 13 Allen, 19. *Makletzova* v. *Diaghileff,* 227 Mass. 100. *De Cordova* v. *Weeks,* 246 Mass. 100. *Kothe* v. *R. C. Taylor Trust,* 280 U. S. 224. *In re Barnett,* 12 Fed. (2d) 73. *In re Frey,* 26 Fed. (2d) 472. *Webster* v. *Garrette,* 10 Cal. App. (2d) 610. *Virginia Amusement Co.* v. *Mid-City Trust & Savings Bank,* 220 Ill. App. 147. *Noble* v. *Sturm,* 210 Mich. 462. *Jennings* v. *First National Bank of Kansas City,* 225 Mo. App. 232. *Caesar* v. *Rubinson,* 174 N. Y. 492. *Seidlitz* v. *Auerbach,* 230 N. Y. 167. *Lenco, Inc.* v. *Hirschfeld,* 247 N. Y. 44. *884 West End Ave. Corp.* v. *Pearlman,* 201 App. Div. (N. Y.) 12; *S. C.* 234 N. Y. 589. *Electrical Products Corp.* v. *Ziegler Drug Stores, Inc.* 141 Ore. 117. *Gentry* v. *Recreation, Inc.* 192 S. C. 429. Am. Law Inst. Restatement: Contracts, § 339. Williston, Contracts (Rev. ed.) § 776.

While the lessor could not enforce the provision for an acceleration of the rent, it was entitled to prove its claim either for rent or for damages to the extent that it had an existing demand on or before June 1, 1940, which was the last date, in accordance with the order of the court, that a claim could be filed, even if the demand might not have been liquidated or presently payable. But it could not prove a claim that had not accrued at the time of the filing of the proof and which might or might not thereafter accrue. *French* v. *Morse,* 2 Gray, 111. *Morgan* v. *Wordell,* 178 Mass. 350. *Goding* v. *Roscenthal,* 180 Mass. 43. *Dunbar* v. *Dunbar,* 180 Mass. 170. *Cotting* v. *Hooper, Lewis & Co. Inc.* 220 Mass. 273. *Shaw* v. *United Shoe Machinery Co.* 220 Mass. 486. *Ellis* v. *Burnham,* 263 Mass. 57. *L. P. Hollander Co. Inc., petitioner,* 301 Mass. 278.

The receiver had paid the rental at the rate fixed by the lease up to May 12, 1940, when he vacated the premises, but as the lease provided for the payment of rent in advance[1] all that the receiver owed on the last mentioned date was the rent for the month of May, less what he had paid for the occupancy during the first twelve days of that month. This was the situation when the proof of claim was filed. The lessor contends that it is entitled to prove its claim for the subsequent months of the residue of the term. The answer to that contention must be found in the nature of its demand when it was filed. Its claim, as we have said, could properly include amounts then due even if they were payable in the future, but it could not include a debt that could arise only in the future and even then was not certain to come into existence. It is settled by our decisions that before the day arrives upon which rent is covenanted to be paid, the rent is not a debt for it is then neither due nor payable. *Bordman* v. *Osborn,* 23 Pick. 295. *Deane* v. *Caldwell,* 127 Mass. 242. *Bowditch* v. *Raymond,* 146 Mass. 109. *Towle* v. *Commissioner of Banks,* 246 Mass. 161. *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4. *L. P. Hollander Co. Inc., petitioner,* 301 Mass. 278. Rent becom-

---

[1] The rent was payable monthly in advance on the first day of the month. — REPORTER.

ing due after the filing of a petition in bankruptcy was not provable prior to the amendment of the bankruptcy act in 1934, U. S. C. Title 11, § 103; *Manhattan Properties, Inc.* v. *Irving Trust Co.* 291 U. S. 320; *Miller* v. *Irving Trust Co.* 296 U. S. 256; *City Bank Farmers Trust Co.* v. *Irving Trust Co.* 299 U. S. 433, although a lease giving the lessor the right to obtain the difference between the rental fixed by the lease and the rental value had been held to be a provable claim, as the lessor thereby obtained a present cause of action which arose and matured with the filing of the petition. *William Filene's Sons Co.* v. *Weed,* 245 U. S. 597. *Irving Trust Co.* v. *A. W. Perry, Inc.* 293 U. S. 307. The cases last cited are instances where landlords secured relief by virtue of special clauses which provided for the termination of the lease upon bankruptcy and gave them an existing demand for the difference between the rental in the lease and the rental value for the remainder of the term. See also *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22. They also illustrate the tendency of the court in this field to regard the lease as a contract rather than an estate in land and to avoid, when fairly possible, the distinction between leases and other contracts that was made by Coke, see Co. Lit. 292 b, § 513, and has been regarded as the inception of the rule that future rents did not constitute a provable claim in bankruptcy. *Gardiner* v. *William S. Butler & Co. Inc.* 245 U. S. 603, 605. *In re Roth & Appel,* 181 Fed. 667. See *In re National Credit Clothing Co.* 66 Fed. (2d) 371; *In re Outfitters' Operating Realty Co.* 69 Fed. (2d) 90.

The lessor never made any reëntry, and the provisions of the lease calling for payments by the lessee after reëntry, either by instalments or by a lump sum payment at the option of the lessor, did not become operative. We do not, however, intimate that if they had become applicable they would furnish any basis for the recovery of rent subsequent to May, 1940. See *Manhattan Properties, Inc.* v. *Irving Trust Co.* 291 U. S. 320, 338, 339.

*Decree affirmed.*