*Northern District*

## HILDER and ROBERT I. EVERSON
### v.
## EARL PRATT ET UX

*Cox, J.* This is an action of contract in three counts commenced by a writ dated October 17, 1955, to recover the balance of rent under a lease dated June 11, 1955.

There was a finding for the plaintiffs in the sum of $400.00. The case was reported because the defendants claim to be aggrieved by the judge's denial of their requests for rulings numbers 3, 4 and 6, and because of an alleged inconsistency by the judge between the allowance of the defendants' request for ruling number 5 and his findings.

The requests involved are the following:

3. Where the landlord is expressly required to do some act which is essential to the enjoyment of the premises demised, his covenant will be held precedent to the covenants of the lessee, such as to pay rent.

4. Rent does not become a debt from the lessee to the lesser until the premises have been enjoyed.

5. Upon letting of a completely furnished house, for immediate occupancy, an implied agreement arose that the

house and its appointments were fit for the use for which they were apparently intended.

6. Although there is a lease, which may result in a claim for rent which will constitute a debt, yet no debt accrues until such enjoyment has been had.

It appears that by an indenture dated June 11, 1955, the plaintiffs leased to the defendants a fully furnished four room cottage on Upham Street in that part of the Town of Wareham known as Swift's Neck. The term was for one year from June 11, 1955 at an annual rental of $600.00 payable $50.00 monthly in advance on the eleventh day of each month during the term.

The defendants vacated the premises on September 30, 1955. Their position was that the cottage had been represented to them by the defendants' agent as "winterized" and suitable for year round occupancy but that upon turning on the heat during a cool spell in August, it was not possible to heat the house with the equipment furnished. The lease was silent on this point. The defendants also took the position that the cottage was unsuitable for occupancy because of an unpleasant odor originating underneath the cottage.

On this aspect of the case the judge found in his detailed findings of facts that before the lease was signed the defendants viewed the cottage ". . . and were cognizant of the structure and the physical arrangement of the rooms therein and that while the agent for the plaintiffs may have indicated to them that the cottage was 'winterized', the defendants knew or should have known the adequacy of the heating arrangements and that the defendants were not misled by any representation of the agent". The judge took a view of the cottage. He found it "to be a small, four-room dwelling, shingled on the outside, with two rooms downstairs and two rooms upstairs, the ceilings and walls of the room being constructed with wallboard. In the living-room downstairs in one corner was a one-burner oil-heat

stove and in the kitchen downstairs was a two-burner gas stove. There were no heating facilities in the two rooms upstairs . . ." The judge could sense no odor in the cottage although it had been closed for many weeks. He concluded that the defendants enjoyed, or could have enjoyed, the leased premises for the full term, that they breached the lease of their own volition, and that they were indebted to the plaintiffs in the sum of $400.00, representing the sum of the eight remaining monthly payments provided in the lease.

There was no error in the denial of the defendants' request number 3 and no inconsistency between the allowance of request number 5 and the finding for the plaintiffs. The evidence warranted the conclusion that the defendants were not the victims of misrepresentation.

Fraud by resort to misrepresentation is ordinarily a question of fact. *Toy v. Green*, 319 Mass. 354, 360. It has been held that the test to determine whether a party is to be relieved of his contract by reason of fraudulent misrepresentation is the same as that applied in actions of tort for deceit. *Plumer v. Matthew Luce, Jr.*, 310 Mass. 789, 801, 802. The judge's findings that the defendants were not misled by any representation of the agent relating to the heating, the arrangements for which were apparent to them, is conclusive against the defendants. *Alpine v. Friend Bros. Inc.*, 244 Mass. 164, 167. *Golding v. 108 Longwood Avenue, Inc.*, 325 Mass. 465, 467. *Boston Five Cents Savings Bank v. Brooks*, 309 Mass. 52, 57.

As the judge observed, the factual base for the denied request was not found. Accordingly, request number 3 was properly denied. *Evans v. County of Middlesex*, 209 Mass. 474. *Franklin Park Lumber Company v. Huie-Hodge Lumber Company*, 246 Mass. 157. *Daniel v. Jardin*, 320 Mass. 764.

We reject the suggestion that there was any inconsistency between the allowance of request number

5 and the judge's findings. We see none. That point, in any event, can only be raised by a motion to correct the ruling or by a motion for a new trial. *Riggs v. Densmore,* 323 Mass. 106. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

The defendants contend that the maximum recovery in this action is $50.00. We are constrained by the law to agree.

The defendants have paid the rent instalments fixed by the lease on or about June 11, July 11, August 11 and September 11, 1955 and vacated the premises on September 30, 1955.

Instalments of rent are not debts until they become actually due and they are recoverable by action only as they become due. *Towle v. Commissioner of Banks,* 246 Mass. 161. *Bowditch v. Raymond,* 146 Mass. 109. *Deane v. Caldwell,* 127 Mass. 242. See also *L. P. Hollander Company Inc., Petitioner,* 301 Mass. 278, 280, 281. *Commissioner of Insurance v. Massachusetts Acc. Co.,* 310 Mass. 769, 772.

All that the defendants owed for rent on October 19, 1955, the date of the writ, was the instalment of $50.00 which had become due on October 11, 1956. That is the only amount recoverable in this action. *Commissioner of Insurance v. Massachusetts Accident Company,* 310 Mass. 769, 772. The point is implicit in the defendants' requests for rulings numbers 4 and 6 which the judge denied.

The finding for the plaintiffs in the sum of $400.00 is vacated. The plaintiffs are to have judgment in the sum of $50.00.