*Northern District*
No. 5887
FRANCIS G. LoRUSSO, et al
v.
IDA B. TELFER
Filed August 4, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.
Case tried to *Dudley, J.* in the District Court of Somerville. No. 86933.
*Brooks, P. J.* This is an action of contract

in two (2) counts. The amended report sets forth the two counts which read as follows:

*Count I*

The plaintiffs say that on or about the 15th day of November, 1961, they entered into a Purchase and Sale Agreement with the defendant, Ida B. Telfer, to purchase certain real estate situated at 88 Powder House Boulevard in Somerville, Massachusetts, for the purchase price of $21,500.00, a copy of which agreement is hereto annexed and marked "A" * that the plaintiffs did deposit with C. D. Waterhouse, Realtor, agent for the Seller the sum of $500.00 to bind said agreement; that said agreement was made subject to the Seller's delivering to the plaintiffs a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $21,500.00; that the Seller never did deliver to the plaintiffs any written statement issued by the F. H. Commissioner setting forth the appraised value of said real estate; that under the terms of the agreement, the Seller was to return all deposits made if the Seller did not deliver said written statement; that the Seller steadfastly refused to return said deposit; that the plaintiffs have made demand upon the defendant or her agents for the return of said deposit; wherefore, the defendant owes the plaintiffs the sum of $500.00 with interest and costs.

*Count II*

The plaintiffs say that the defendant owes the

---

* It is unnecessary to set forth the agreement.

plaintiffs the sum of $500.00, all in accordance with a copy of the agreement hereto annexed and marked "A".

Defendant's answer is general denial, performance, willingness to perform but that plaintiffs have neglected and refused to perform their part of said agreement.

*The facts pertinent to the issues involved are contained in the court's opinion hereinafter set forth.*

Defendant made requests for rulings of which the following are now material:

#3. The purchaser (plaintiffs) breached the purchase and sale agreement and neglected and/or refused for insufficient reason to consummate the transaction and thereby forfeited the deposit in question.

#4. This case is governed by the principle that if a purchaser (plaintiffs) repudiates and refuses without sufficient reason to comply with the purchase and sale agreement, he forfeits any deposit he has made and can recover no part of the same.

#5. On the facts the purchasers (plaintiffs) made default without sufficient reason in the performance of their contract. The defendant was ready, able and willing to fulfill all her obligations. In such circumstances the defaulting purchaser is not entitled to recover a deposit he has made in part payment.

#6. The purchasers (plaintiffs) by their breach of their contract to purchase, forfeited the deposit made and can recover no part thereof.

#7. The F.H.A. appraisal of value is for $21,700, is unqualified and unconditional and fully satisfies the requirements of the purchase and sale agreement pertaining thereto.

#11. The seller (defendant) was at the registry of deeds at the time provided by the contract, ready, able and willing to perform her contract the purchasers (plaintiffs) did not appear; such circumstance amounted to an absolute refusal on the part of the plaintiff to fulfill their part of their contract and therefore the plaintiff cannot recover the deposit in this action.

#12. On all the evidence there should be a finding for the defendant.

The court entered the following Findings and Rulings:

This is an action of contract which came on to be heard before me, in which the plaintiffs seek to recover the sum of $500.00 paid by them as a deposit under a written purchase and sale agreement.

The agreement was dated November 15, 1961, and was signed by all of the parties. By the terms of the agreement, the plaintiffs agreed to buy and the defendant agreed to sell certain real estate located at #88 Powder House Boulevard in Somerville, Massachusetts, subject to other terms set forth in the agreement, for the sum of $21,500.00.

The plaintiffs deposited the sum of $500.00 with the agent of the defendant, to bind the agreement.

In the event of the completion of the sale the $500.00 was to be credited on the purchase price.

By the terms of the agreement, the sale, if it was to be completed, was to go thru on or before Jan. 2, 1962.

The sale was never consummated.

A broker's commission was to be paid only if the sale was actually consummated.

On January 2, 1962, the seller appeared at the appropriate Registry of Deeds, with a good and sufficient deed, ready, able and willing to go thru with the sale.

Two paragraphs in the written purchase and sale agreement are particularly important to this case. They are as follows:

1. "It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obliged to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the seller has delivered to the purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage insurance purposes of not less than $21,500.00, which statement the seller hereby agrees to deliver to the purchaser promptly after such appraised value statement is made available to the seller."

2. "If the seller shall be unable to give

title or to make conveyance as above stipulated, any payments made under this agreement shall be forthwith refunded, and all other obligations of all parties hereto shall cease, but the acceptance of a deed and possession by the buyer shall be deemed to be a full performance and discharge thereof, but if a good and sufficient deed be not accepted within the time of this agreement by said buyer, the deposit made herewith is to be wholly forfeited by the said buyer to the said seller without prejudice to the right of said seller to recover damages for breach hereof."

After the execution of the purchase and sale agreement and before December 11, 1961, the plaintiffs applied for an F.H.A. insured mortgage loan at Middlesex Federal Savings and Loan Association.

On December 11, 1961, the Federal Housing Authority notified Middlesex Federal Savings and Loan Association in substance to the effect that the application for F.H.A. insurance was refused because of the condition of the property which in the opinion of F.H.A. would require repairs estimated to cost $400.00 and because in the opinion of F.H.A. the financial circumstances of the plaintiffs was not such that a loan to them was warranted.

On December 12, 1961, Middlesex Federal Savings and Loan Association sent a copy of the F.H.A. refusal to the plaintiffs.

In the F.H.A. report, the following is the important applicable part: "This is to advise that your application for mortgage insurance has been considered and it was determined after final examination that it does not qualify for mortgage insurance for the reason given below.

Our analysis indicates that the maximum insurable loan of $16,600.00 together with the mortgagor's available liquid assets, would be insufficient to complete the proposed transaction, and make repairs which are estimated to cost $400.00.

Based on available information the mortgagor has not established sufficient stability of employment to warrant assumption of the insurance risk in connection with a long term mortgage transaction. Should this case be reopened and a commitment subsequently issued the following work will be required: Scrape, prime and paint trim and clapboards covering coat standard exterior paint.

Note: net rental income (*i.e.* rental value of both units less expenses) limits amount of commitment.

F.H.A. Estimate of value is $21,700.00."

On december 24, 1961, after receiving from the Bank, notice of the F.H.A. report, the plaintiffs met the defendant and asked the defendant in substance, if she would make the repairs referred to by F.H.A. or would allow them the $400.00 on the purchase price.

The defendant declined.

The plaintiffs could have obtained sufficient money with which to complete the transaction if they had so desired, but determined not to do so because of the F.H.A. requirement of repair.

The defendant sold the property about March, 1962 to another party for $21,500.00 without making the repairs referred to by F.H.A.

The plaintiffs demanded the return of their deposit and the defendant refused to return it and still refuses to return it.

The case was tried apparently on the theory held by the plaintiff that the F.H.A. appraisal did not conform to the requirement of the purchase and sale agreement in that it showed a value of $21,700.00 less $400.00 or a total of $21,300.00 (which is less than the $21,500.00 called for under the agreement) and on the theory apparently held by the defendant that the statement in the F.H.A. report "F.H.A. Estimate of value is $21,700.00" must be read separately and without regard to the other statements in the report and complies with the requirement of the purchase and sale agreement that the appraisal be at least $21,500.00.

It is the feeling of the court that the intent of the parties at the time of the signing of the purchase and sale agreement was that the F.H.A. appraisal be at least $21,500.00 without any restrictions or requirements that repairs be made.

It is also the feeling of the court that the F.H.A. appraisal did not comply with the requirements of the purchase and sale agreement.

However, assuming, without deciding, that the F.H.A. appraisal did comply with the requirements of the purchase and sale agreement, it appears to this court and this court so finds, that the defendant in refusing to return the deposit money is attempting to enforce a penalty which is unenforceable. The court finds that the deposit money was not to be forfeited as liquidated damages but as a penalty, since the defendant specifically in addition to the forfeiture, reserved the right to sue for damages in the event of a breach by the plaintiffs.

Defendant claims to be aggrieved by the court's rulings ##3, 4, 5, 6, 7, 11 and 12 also by its findings that F.H.A. appraisal did not comply with the Purchase and Sale Agreement by the terms of which the deposit was not to be forfeited as liquidated damages but as a penalty also by the general finding of the court for the plaintiff.

There are two issues to be resolved:

(1)   Is the F.H.A. estimate of $21,700.00 referred to in the bank's letter to plaintiff to be taken at its face value, that is to say the value of defendant's property at the time of appraisal?

(2)   Is the $500.00 deposit made by plaintiff in the nature of a *forfeiture* or a

*penalty* in case the transaction fails to go through?

(1) The trial judge held that the F.H.A. appraisal was not to be taken at its face value in view of the fact that the bank insisting that $400.00 worth of improvement be made as a condition of the loan and that this amount should be considered as deducted from the appraisal, making the appraisal value $21,300.00 as of the date of the appraisal, which would be $200.00 less than the purchase and sale agreement called for.

(2) The trial judge held that the $500.00 deposit was in the nature of a *penalty* and hence unenforceable by defendant, meaning that he had no right to retain it.

The court held, in other words, that plaintiff was entitled to get his deposit back on two grounds—that the appraisal did not conform to the purchase and sale agreement and that the deposit was a *penalty*.

▮ We disagree with the trial judge's view of the appraisal. All we know about it is what is in the written notification by the bank to plaintiff; "F.H.A. estimate of value is $21,700.00". It is a clear statement without ambiguity. It is true that plaintiff is not getting what he bargained for in view of the bank's insistence on property improvement which he would have to pay. On the other hand, plaintiffs' insistence that defend-

ant pay for the improvement would cause the latter to receive less for her property than the purchase and sale agreement called for.

From an equitable standpoint having in mind particularly that defendant sold the property to another party for $21,500.00 shortly after plaintiffs' refusal to carry out the agreement, the transaction should have been called off and the parties put in statu quo ante. This, however, is not an equity proceeding but a suit at law.

Plaintiff has the burden of proving under Count #1 that an apparently unambiguous statement does not mean what it says and that the F.H.A. estimate was $21,300.00 and not $21,700.00.

With regard to the second issue raised in Count #2—whether the deposit is in the nature of a forfeiture or a penalty— we are in agreement with the trial judge's ruling that it is in the nature of a penalty, therefore, unenforceable, consequently that the deposit is returnable to plaintiff as a matter of law.

The use of the word "forfeiture" is in no way conclusive of the actual character of the deposit. Calling it a forfeiture does not make it so. *Commissioner of Insurance v. Mass. Accident Co.,* 310 Mass. 769, 771.

As stated in *Putnam Machine Co. v. Mustakangas,* 236 Mass. 376:

"Where actual damages are difficult to ascertain and where the sum agreed upon between parties

at the time of the execution of the contract represents a reasonable estimate of the actual damages, such contract will be enforced."

On the other hand,

"Where the actual damages are easily ascertainable and the stipulated sum is unreasonable and grossly disproportionate to the real damages from a breach or is unconscionably excessive, the court will award the aggrieved party no more than the actual damages."

*Maketzeva v. Diaghileff,* 227 Mass. 100; *DeCordova v. Weeks,* 246 Mass. 100, 105; *Commissioner of Insurance v. Mass. Accident Co.,* 310 Mass. 769, 771; *A-Z Service-Center, Inc. v. Segall,* 334 Mass. 672, 675.

There is here no evidence of loss to defendant resulting from plaintiffs' default. As previously stated, the property was not sold at a loss. It would clearly be inequitable, under the circumstances, for defendant to retain the deposit. This conclusion is further forfeited by the provision in the purchase and sale agreement that defendant may sue for damages.

The situation is not unlike one of mutual mistake where the court endeavors to put the parties as nearly as possible in the position they were prior to a mutual undertaking or to reform the contract in the interest of justice. Restatement, Contracts, §504 and Massachusetts Annotations to that section. This the trial judge was undoubtedly attempting to do. We think however that he is on firmer ground placing his decision, as we do

ours, on the ground of *penalty* rather than appraisal.

There is no error in the trial court's denial of Requests ##3, 4, 5, 6, 11 and 12. There was error in the denial of Request #7. This however was not prejudicial under the circumstances. Our ruling must therefore be *Report dismissed*.

Thomas Zinni, of Boston, for the Plaintiff.

John E. Eaton, of Boston, for the Defendant.