ROMEO HUOT & another *vs.* MICHAEL ZITER & another. June 4, 1982. The plaintiffs in their complaint seek to rescind their purchase of a parcel of real estate because of the alleged fraud of the defendants in misrepresenting the area of the tract. The judge found that the defendant Michael Ziter, with whom the parties had dealt, had honestly believed that there were three acres in what was in actuality a one-acre parcel and had so represented. Ziter had also pointed out to the plaintiffs the boundaries of the land, all four of which were marked by monuments.

1. We note first that, even if we were to regard as part of the record the unsupported statements made in the plaintiffs' brief, there would be no showing of any abuse of discretion in the denial of two belatedly pressed motions to amend, one to add as a party plaintiff the corporation which the plaintiffs had formed to take over and run the restaurant business acquired in connection with the purchase of the above-mentioned real estate; and the other to amend the complaint to allege that the defendants had fraudulently misrepresented the income generated by that restaurant.

2. On the substantive issue, the judge rightly applied the principles set out in *Mabardy* v. *McHugh,* 202 Mass. 148 (1909). Park, Real Estate Law § 96 (2d ed. 1981). Although that case, now seventy-three years old, has been called into question by cases such as *Worcester* v. *Cook,* 220 Mass. 539, 542 (1915), and *Yorke* v. *Taylor,* 332 Mass. 368 (1955), and may have a patina of antiquity, it has not been overruled. On the facts of this case, where the misrepresentation was unintentional, it should not be. In any event, we regard the question whether such a precedent should be overruled as appropriate for answer by the Supreme Judicial Court on a suitable occasion. *Burke* v. *Toothaker,* 1 Mass. App. Ct. 234, 239 (1973).

*Judgment affirmed.*

The case was submitted on briefs.
*Philip Castleman* for the plaintiffs.
*Joseph B. DeLeo* for the defendants.