DAVID FERNANDES & another,[1] trustees, *vs.* PAUL E. RODRIGUE, JR., & others.[2] No. 94-P-429. February 22, 1995. *Contract*, Sale of real estate. *Real Property*, Purchase and sale agreement. *Fraud. Consumer Protection Act*, Availability of remedy.

David and John Fernandes were in the market for a site on which to build a retail furniture store and an accompanying warehouse. Ruth Brown, a real estate broker acting for Realty Search, Inc., introduced them to a parcel on South Street West in Raynham belonging to Paul and Joyce Rodrigue. Together with Brown, the Fernandeses walked and inspected the site. The Rodrigues had told Brown they thought their parcel contained five acres. Brown checked with the town records and found two sources of information about the size of the locus: a tax bill and a copy of the deed to the Rodrigues on file with the assessors. The bill described the locus as containing 4.2 acres; the deed description did not recite square footage or acreage, but there was a notation at the top right hand corner that said "4. Ac." David Fernandes on deposition testified that Brown had

---

[1]John F. Fernandes, both as trustees of John-David Realty Trust.
[2]Joyce A. Rodrigue, Ruth Brown, and Realty Search, Inc.

told him the locus contained four acres, more or less. For purposes of analysis, we take as a fact that Brown made such a representation. Their interest aroused, the Fernandeses made a written offer to buy for $270,000, "[s]ubject to [b]uilding [c]ode of [t]own of Raynham & plot plans." A month later, the parties executed a purchase and sale agreement in which the area of the locus was not stated, except for the marginal notation on a copy of the deed to the Rodrigues that had been annexed to the contract as an exhibit. Included in that agreement was a provision giving the buyers access to the site and another provision conditioning performance by the buyers on their ability to use the premises "to construct a strip mall and furniture warehouse and/or retail store" under applicable zoning and building laws. A closing occurred a little more than four months later. Only subsequently did the buyers complete a survey and, thereupon, discover that the locus contained between 2.8 and 2.9 acres, not enough to build what they had intended. This action by the Fernandeses followed.

In their complaint, the Fernandeses allege breach of contract and deceit against all defendants and a violation of G. L. c. 93A by Brown and Realty Search, Inc. The Fernandeses appeal from the allowance of the defendants' motions for summary judgments. We affirm.

1. *The contract claim.* As to the contract claim, which lies seriously only against the Rodrigues,[3] the materials on summary judgment disclose no representation of land area by the sellers to the buyers and no provision in the purchase and sale agreement that could be construed as a representation of land area or that a minimum four acres was a condition. The notation by the assessors at the top of the deed attached to the purchase contract was not a representation by the sellers. The metes and bounds of the property were correctly set forth, and the buyers were in a position to have a surveyor calculate the approximate size of the property from those dimensions. In such circumstances, the parties assume the "contingency of quantity." *Ratshesky* v. *Piscopo*, 239 Mass. 180, 187 (1921). See Crocker's Notes on Common Forms § 831 (7th ed. 1955). To this we may add that the purchase and sale agreement, by its terms, provided that acceptance of a deed by the buyer was to be deemed to be a full performance of obligations under it, except for those which by their terms were to be performed after delivery of the deed.

2. *The misrepresentation claim.* The theory of the plaintiffs' negligent misrepresentation claim is that the defendants by reasonably diligent inquiry would have known that the locus contained a good deal less than four acres. See *Yorke* v. *Taylor*, 332 Mass. 368, 374 (1955); *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34, 43 (1980); *Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 422 (1983); *Acushnet Fed. Credit*

---

[3]The brokers had an agreement with the sellers, not the buyers. The participation of Realty Search, Inc., in the purchase and sale agreement (which was on the Greater Boston Real Estate form) had to do with its entitlement to a commission and duties as escrowee of the deposit.

*Union* v. *Roderick*, 26 Mass. App. Ct. 604, 605 (1988). It is hard to think what inquiries about area a real estate broker might have made beyond those that Brown followed up with the town. One would hardly expect the broker to have a survey made; that would ordinarily be the buyer's responsibility if a certain minimum area was a matter of importance. At argument, counsel for the plaintiffs conceded as much and urged that the nature of Brown's misrepresentation lay in failing to state expressly that the four-acre figure came from town assessing records. No such requirement of disclaimer or recitation of source is required by the cases of a person who states a fact on the basis of information reasonably thought to be reliable. Particularly as to good faith statements in a sales contract about land area, the courts have long held the view that a misstatement as to area is not actionable, either for rescission or damages. *Mabardy* v. *McHugh*, 202 Mass. 148, 151 (1909). *Huot* v. *Ziter*, 14 Mass. App. Ct. 902 (1982). The rule is a salutary one because buyers know best how important a particular area may be to them and are well situated, first, to state the necessary condition and, second, to have the ground measured before title passes.

3. *Claim under c. 93A.* As to the c. 93A claim, we think it is absorbed in and vanishes with the misrepresentation claim. Chapter 93A does not make actionable the failure to disclose a fact unknown to the person who the plaintiff thinks ought to have disclosed it. *Underwood* v. *Risman*, 414 Mass. 96, 101 (1993). See also *Lawton* v. *Dracousis*, 14 Mass. App. Ct. 164, 170 (1982).

*Judgments affirmed.*

*Douglas A. Hale* for the plaintiffs.

*Robert S. Kutner* for Ruth Brown & another.

*Mark L. Levin* for Paul E. Rodrigue & another.

*Monica S. Staaf*, for Massachusetts Association of Realtors, amicus curiae, submitted a brief.