Greco, J.
This is a summary process action to evict a commercial lessee for nonpayment of rent. The legal issue on appeal centers on the damages awarded because the lessee challenges the trial court’s enforcement of the lease’s accelerated rent provision. That issue was preserved for appeal by the lessee’s request for rulings of law that it was “not legally obligated to pay the plaintiff any accelerated rent under the terms of the lease between the parties” and that “[t]he rent acceleration clause ... is unenforceable because the damages thereunder are a penalty and ‘grossly disproportionate to the reasonable estimate of actual damages made at the time of contract formation,”’ quoting Kelly v. Marx, 428 Mass. 877, 880 (1999). Both of these requests were denied.
The defendant, National Communications Corporation (“National”), originally leased the commercial premises in question from Cummings Properties, LLC (“Cummings”) in March of 1991 for a five year term at a rent of $7,500.00 per month. Pursuant to the last extension of the lease agreed upon by the parties, the term was extended to March 30, 2006 at a monthly base rent of $15,794.58 plus annual cost of living increases. When National failed to pay the rent due for August and September of 2003, Cummings filed this summary process action to recover damages in the amount of $525,643.52, the total rent due for the remaining thirty-two (32) months of the lease, plus $1,429.58 for an unpaid real estate tax invoice. After a bench trial, judgment entered in that amount, plus prejudgment interest. This Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal followed.
*113 At issue is paragraph 19 of the lease which provides as follows:
If the LESSEE shall default in the payment of the security deposit, rent, taxes, or any substantial invoice for goods and/or services or other sum herein specified, and such default shall continue for ten (10) days after notice thereof, and, because both parties agree that nonpayment of said sums when due is a significant breach of the lease, and because the payment of rent in monthly installments is for the sole benefit and convenience of LESSEE, then in addition to the foregoing remedies, the entire balance of rent which is due hereunder shall become immediately due and payable as liquidated damages.
The lease also included other provisions that the lessee shall pay any additional rent occasioned by an increase in real estate taxes; that the lessee shall pay the lessor for the cost of all water and sewer use; that the lessee shall reimburse the lessor for “all extra insurance premiums caused by [its] use of the leased premises”; that the lessee shall promptly pay “any just invoice” in the event that the lessor performed any services or maintenance for the lessee in connection with any alterations made by the lessee; that the lessee shall indemnify the lessor for any liability to it resulting from the lessee’s use of the premises; and that the lessee shall be responsible for any damage as a result of its failure to protect carpeted areas.
Since we conclude that the rent acceleration clause of the lease was not enforceable, National’s requests for rulings of law described above should have been allowed. Accordingly, the award of damages by the trial court must be vacated. In making this determination, our starting point — and indeed, essentially our ending point — is the Supreme Judicial Court’s decision in Commissioner of Insurance v. Massachusetts Accident Co., 310 Mass. 769 (1942), which we cited in Cummings Properties, LLC v. Empire Technologies, Inc., 2002 Mass. App. Div. 84, 86 n.2, another case in which Cummings had invoked the acceleration clause used in its lease. In Commissioner of Insurance, the Commissioner had been appointed receiver for the lessee. The lessor sought to establish a claim “for the unpaid rent for the residue of the term.” The lease contained an acceleration clause which provided that “all the rent for the balance of the term should immediately become due and payable” not only upon the appointment of a receiver, but also upon the lessee’s breach of various other covenants such as the obligation to pay rent, to pay a portion of the costs of improvements made by the lessor, to reimburse the lessor for electricity used, and to indemnify the lessor for damages to the property. The Supreme Judicial Court observed that the lease provisions “must be construed as of the time of the execution and not as of the time of the breach” and that the acceleration clause
comes within the general rule that, where a lease contains many covenants of varying importance, and where a breach of some of them would result in a loss which could be accurately determined and would be inconsiderable in comparison with the amount required by the lease to be paid although the damage resulting from a breach of some of the other covenants would be substantial and difficult exactly to ascertain, the sum designated to be paid upon a breach of any of these covenants is a penalty and not liquidated damages [emphasis supplied].
Commissioner of Insurance v. Massachusetts Accident Co., supra at 771. Since the Court determined that a breach of some of the covenants “would be of minor importance” and the lessor’s “loss might be greatly disproportionate to the amount required to be paid for rent for the residue of the term,” Id., the *114 acceleration clause was found to be unenforceable. The acceleration provision in the lease used by Cummings has the same shortcoming. While the loss of rent may be very substantial and very difficult to prove depending on when the breach occurred and the prevailing market conditions, other losses would not be. For example, additional rent occasioned by a tax increase would be a simple mathematical computation. An invoice for goods or services, by its very nature, would be self-explanatory, as would an extra insurance premium.
With a half million dollar judgment at stake, there is some level of discomfort in vacating it in reliance on a case decided only a year after Ted Williams hit .406.[1] However, we do not have an adequate basis to conclude that the rule set out in Commissioner of Insurance is not still the Massachusetts approach to rent acceleration clauses. Generally, “[i]t has been the rule in Massachusetts that contract provisions which clearly and reasonably establish liquidated damages should be enforced, if ‘not so disproportionate to the losses and expenses caused by the ... breach’ as to constitute a penalty.” Lynch v. Andrew, 20 Mass. App. Ct. 623, 627 (1985). See also A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675 (1956); Kelly v. Marx, 428 Mass. 877, 880 (1999). See also Sentry Ins. v. Firnstein, 14 Mass. App. Ct. 706, 709 (1982) (in ruling that it would not disturb the trial judge’s finding that the liquidated damage clause in the contract at issue “bore no rational relationship to the wrong done,” the Appeals Court cited Commissioner of Insurance).
The above cases do not address the more precise issue of whether the enforceability of a liquidated damages clause might differ depending on what particular covenant was breached; for example, the failure to pay rent as opposed to the failure to pay an invoice. The Supreme Judicial Court chose not to parse the various covenants in the lease involved in Commissioner of Insurance. Its disinclination to do so is, at least to some extent, consistent with its much more recent holding in Kelly v. Marx, supra at 880, “that a judge, in determining the enforceability of a liquidated damages clause, should examine only the circumstances at contract formation.” In so doing, the Court disagreed with the Appeals Court’s view “requiring in some circumstances a ‘second look’ as of the time of the breach to determine if the sum stipulated as liquidated damages is ‘unreasonable and grossly disproportionate to the real damages from a breach, or is unconscionably excessive.’” Kelly v. Marx, 44 Mass. App. Ct. 825, 826 (1998), quoting Shapiro v. Grinspoon, 27 Mass. App. Ct. 596, 603 (1989). The rule enunciated in Commissioner of Insurance similarly rejected the view that a court will take a “second look” to determine the nature of the breach. To be sure, the Supreme Judicial Court, if presented with our case, might relax the “one look” approach to allow such a determination, but we cannot say with any degree of certainty that it would do so.
We recognize, of course, that there is considerable authority undercutting the rule set out in Commissioner of Insurance. In Commissioner of Insurance, the Court cited Williston, Contracts (Rev. ed.) §776. However, the current edition of that treatise states that “some courts also take the position that, where a general liquidated damages clause appears in a contract with several clauses of varying importance, the clause will be held applicable and be deemed enforceable only with respect to material breaches.” It further states that “a stipulated damages provision that applies in the event of breach of two distinct clauses of a contract may be an enforceable liquidated damages with respect to one clause and an unenforceable penalty with respect to the other, and the fact that the provision is unenforceable with respect to one clause is *115 not itself determinative of whether it is enforceable with respect to the other.” Similarly, Corbin on Contracts provides that
A case may, indeed, arise in which the amount specified in the contract is a reasonable forecast and estimate of the injury caused by the breach that has actually occurred, even though it would not be so in the case of other breaches that might have occurred. If the contract provision has this actual operation in the case before the court, and the extent of injury is difficult of estimation, there is nothing to prevent the enforcement of the express provision.
Corbin on Contracts, §1066 (1964). However, no authority is cited for the proposition.
The task of reconciling these various considerations is something akin to that presented to the United States District Court in American Multi-Cinema, Inc. v. Southroads, L.L.C., 119 F. Supp. 2d 1190, 1205-1207 (D. Kan. 2000). There, the Court had to determine whether, under Oklahoma law, “a stipulated damage provision [can be] liquidated damages with respect to one clause and an unenforceable penalty with respect to ... [another].” Id. at 1205. Finding no Oklahoma law on point, the Court looked to other jurisdictions for guidance, but declined to follow a 1924 Ohio case and an 1883 New Jersey case which both came to the same conclusion as that reached by our Supreme Judicial Court in Commissioner of Insurance. See Miller v. Blockberger, 111 Ohio St. 798 (1924) and Lansing v. Dodd, 45 N.J.L. 525 (1883). The United States District Court concluded that such “cases are antiquated and, thus, the results reached may simply reflect the ‘historical hostility toward attempts to stipulate damages’ rather than a meaningful effort to assess the reasonableness of the stipulate damaged provision.” American Multi-Cinema, Inc. v. Southroads, LLC, supra at 1205-1206. Citing both CORBIN ON CONTRACTS (1964) and the RESTATEMENT (SECOND) OF CONTRACTS (1981), the Court also noted that “[t]he modern trend... is toward increasing recognition of stipulated damage provisions.” Id. at 1206. “Mindful that the Supreme Court of Oklahoma favors classification as liquidated damages where there exists equality of bargaining power between sophisticated parties, the court conclude [d] that the proper approach... [was] to reject a rule that would require [it] to construe the stipulated damage provision ... as a penalty as to one clause ... simply because ... the provision is a penalty as to [another] clause.” Id. at 1207.
We decline to take the same approach as the Federal Court. In the first place, we do have Massachusetts authority on the issue presented. See Huot v. Ziter, 14 Mass. App. Ct. 902 (1982), where the Appeals Court applied a seventy-three year old Supreme Judicial Court case even though it had been “called into question” by later cases. The Appeals Court noted that while the case “may have a patina of antiquity, it ha[d] not been overruled” and that whether it should be was “appropriate for answer by the Supreme Judicial Court on a suitable occasion.” Id. Second, there is no indication of any “historical hostility” on the part of the Supreme Judicial Court “toward attempts to stipulate damages.” In the recently decided Kelly v. Marx, the Court quoted a 1900 decision for the proposition that “the proper course is to enforce contracts according to their plain meaning and not to undertake to be wiser than the parties, and therefore that in general when the parties say that a sum is payable as liquidated damages they will be taken to mean what they say and will be held to their word.” Kelly v. Marx, supra at 881, quoting Guerin v. Slacy, 175 Mass. 595, 597 (1900). See also International Paper Co. v. Priscilla Co., 281 Mass. 22, 37 (1932). Finally, the approach taken in Commissioner of Insurance arguably encourages the parties at the outset to make a thoughtful assessment of how a liquidated damages provision should be applied *116 and to discourage the type of over-reaching that may lead to litigation in the future. See Kelly v. Marx, supra at 881 (“By reducing challenges to a liquidated damages clause, the ‘single look’ approach eliminates uncertainty and tends to prevent costly future litigation”).
Based upon the above considerations, the judgment for Cummings for possession is affirmed, but the award of damages is vacated. The case is returned to the Woburn Division for a hearing on the assessment of the actual damages suffered by Cummings. In that regard, the trial court will have to determine to what extent Cummings, having not received a judgment for possession, owes National “a duty of reasonable diligence in obtaining fair rent.” Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 224 n.4 (1992).

 Baseball Encyclopedia, The Complete and Official Record of Major League Baseball, p. 1651 (1969 ed.).